Commonwealth *v.* Rollins, Appellant.

468

*Smith B. Gephart,* Assistant Public Defender, for appellant.

*Marion E. MacIntyre,* Deputy District Attorney, and *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., June 14, 1973:

Appellant asks that his sentence be set aside on the ground that in determining the sentence the lower court took into consideration matters not of record.

The testimony at trial was that appellant sold two bags of heroin to an undercover agent. The jury returned a verdict of guilty of unlawful sale of narcotic drugs, and appellant chose not to file any motion challenging the verdict. After a colloquy during which various facts about appellant were revealed, including his age, education, marital status, employment, union record, and that he had been convicted in 1947 of larceny of a suitcase, the following ensued: "MR. MORGAN [Assistant District Attorney]: Your Honor, in this kind of case, the last few people that have been here have talked about their plight and the fact that they

couldn't get employment and they couldn't do anything else. Now this man comes and says because he is employed he is less of an offender for selling drugs. There has to be some reason for people to sell drugs. If a person sells it on the street because he needs to sell it, that's one thing, if he sells it on the street and is employed the whole time, that's another. I think this is a serious case because of that, not because he has a good record, but because he didn't need to be selling drugs. MR. GEPHART [Assistant Public Defender]: The District Attorney lost me on that. I don't think it's any greater offense to be steadily employed and sell drugs than it is not to be steadily employed. That's our position, Your Honor. I would ask the Court to consider a jail sentence of county time. THE COURT: Oh, my goodness. Mr. Rollins even knows better than that. Actually, he was a fairly sizeable seller, and I think he knows it."

Thereupon the court imposed sentence of imprisonment in a State correctional institution for not less than five years nor more than twelve years, which was within the statutory limits, The Drug, Device and Cosmetic Act of Sept. 26, 1961, P. L. 1664 §20(d), 35 P.S. §780-20(d), after which defense counsel stated: "MR. GEPHART: Your Honor, I would like to say for the record that the Court indicated that Mr. Rollins was a very sizeable seller. To my knowledge, there is nothing in the record to indicate that Mr. Rollins is a sizeable seller. I can only assume then that the Court has information that the defense lawyer does not have. THE COURT: I think that the evidence, what was found in his room— MR. GEPHART: No, Your Honor, there is no evidence of what was found in his room. THE COURT: All right. "

The court was incorrect in its belief that evidence had been introduced that appellant was a "fairly sizeable seller". There was an offer by the Commonwealth

to show through cross-examination of appellant that there were "all kinds of paraphernalia involved in drugs" in his hotel room, including "a scale and other material"; however, an objection to this line of questioning was sustained.

The Commonwealth argues that even if its offer is disregarded the record supports the conclusion that appellant was a sizeable seller: (1) the sale was made in an area of Harrisburg "notorious for its illegal drug trade and generally large drug dealers work in this area"; (2) the sale "proceeded so smoothly and rapidly" that it may be inferred "that selling narcotics was not an infrequent activity" for appellant; and (3) appellant told the undercover agent "that he had $5 instead of the usual $10 bags".

An initial difficulty with the Commonwealth's argument is that the court did not rely upon the record, instead relying upon "the evidence [of] what was found in his [appellant's] room". Putting this difficulty aside, however, the record is insufficient to support the Commonwealth's argument. One might indeed infer that appellant was familiar with the drug trade in the area. This familiarity, however, might have arisen because appellant was a user rather than a seller; and although appellant's statement, "that he had $5 instead of the usual $10 bags", does suggest that he was a seller, it does not support an inference that he was "a fairly sizeable seller"; a person used to using $10 bags, making his first sale, might make such a statement.

Despite these considerations we have concluded that the sentence should not be set aside. Defense counsel was on notice that the lower court in determining the sentence had taken into account the Assistant District Attorney's statement that there were in appellant's room "all kinds of paraphernalia involved in drugs", including "a scale and other material". However, counsel did not ask the lower court for an opportunity to

rebut this statement; nor does he argue to us that if by remand he were given the opportunity, he could show that the paraphernalia was not in appellant's room, or that although it was, it did not belong to appellant. Instead, counsel has pitched his argument on the narrow ground that since the statement about the paraphernalia was not evidence but only an offer of proof the lower court could not properly take it into account in determining the sentence. A sentencing judge is not held to so strict an evidentiary standard. *Williams v. New York*, 337 U.S. 241 (1949). *And cf.* the Act of 1860, as amended Dec. 22, 1965, P. L. 1187 §1, 19 P.S. §890, providing for a presentence report.

The judgment of sentence is affirmed.

SPAULDING, J., dissents.