378 A.2d 1278

**COMMONWEALTH of Pennsylvania**

**v.**

**Harold SMITH, Appellant.**

Superior Court of Pennsylvania.

Argued Sept. 20, 1976.

Decided Oct. 6, 1977.

Michael S. Barranco, Assistant Public Defender, West-town, for appellant.

John H. Wollman, West Chester, submitted a brief for Commonwealth, appellee.

Before WATKINS, P. J., and JACOBS, HOFFMAN, CER-CONE, PRICE, VAN der VOORT, and SPAETH, JJ.

SPAETH, Judge:

The question presented by this appeal is whether appellant's counsel at the sentencing hearing was ineffective.

## 1

The facts are relatively simple. Appellant pleaded guilty to two counts of sale of heroin. At the sentencing hearing

his counsel argued as a mitigating circumstance that appellant was not involved in drug trafficking but made the sales only to assist a young woman; according to counsel, the young woman was addicted and suicidal, so appellant sold her the heroin, at cost, to tide her over and on the condition that she seek help at a drug treatment center. In reply, the District Attorney said: "Your Honor, I think in all candor to the Court, I would point out to you, this man became the object of a drug investigation because we felt he was part of the Philadelphia connection of drugs into the Coatesville area. That is the reason he was a target." N.T. Sentencing Hearing at 10. The sentencing judge accepted this suggestion that appellant was a drug dealer. Thus, in response to the District Attorney's statement, the judge said: "This couldn't have been a casual venture into Philly to pick up two bundles of heroin. It has to involve some kind of connection. Yes. Go ahead." *Id.* Also, after imposing the sentence, which was three to fifteen years, the judge said: "We'll stop that heroin trade in some fashion . . . . I trust the word will go out, I'm going to steadily increase those sentences, as the heroin trade increases in the City of Coatesville; and, the next one will be seven-and-a-half to fifteen years in this courtroom." *Id.* at 12–13.

### 2

Since sentencing is a critical stage of prosecution, appellant was entitled to the effective assistance of counsel at the sentencing hearing. *Mempa v. Rhay,* 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967); *Specht v. Patterson,* 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967). Moreover, since appellant's counsel on this appeal is different from his counsel at the sentencing hearing, the question whether appellant received the effective assistance of counsel at the sentencing hearing is properly before us. *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975).

If it appeared that there was nothing before the sentencing judge to support the District Attorney's sugges-

tion that appellant was a drug dealer, it would be necessary to consider whether to remand for a further hearing under *Commonwealth v. Twiggs*, 460 Pa. 105, 331 A.2d 440 (1975). It may be that in limited circumstances, a judge in deciding upon sentence may consider arrests without convictions. We so held in *Commonwealth v. Shoemaker*, 226 Pa.Super. 203, 313 A.2d 342 (1973).[1] It by no means follows, however, that an unsubstantiated statement that the forces of the Commonwealth "felt [appellant] was part of the Philadelphia connection of drugs into the Coatesville area" would be held to be an appropriate basis for the sentencing judge's decision. Such a statement would be no better than a statement that the police thought a defendant had the appearance of a habitual criminal—and that could not sustain a sentence. *See United States v. Weston*, 448 F.2d 626, 630–31 (9th Cir. 1971).

Here, however, the District Attorney's statement was substantiated—at least, it appears that it might have been. A presentence report was prepared and was available at the sentencing hearing. In its brief the Commonwealth cites the report as follows:

> The defendant had been the object of many investigations. As stated in the PSI [presentence investigation]:
>
> .   .   .   .   the fact that Smith has been the object of four major drug investigations according to Detective Cotter has to also be considered   .   .   ..
>
> PSI, page 8.

Commonwealth's Brief at 13.

While this excerpt alone does not amount to much, it does suggest that the pre-sentence report may have contained other information, which we might find sufficient to support the sentencing judge's conclusion that appellant was a drug dealer.

■ Unfortunately, the pre-sentence report is not in the record. The difficulty we face at the appellate level if we

---

1. The precedential value of *Shoemaker* is not clear, since the Supreme Court affirmed on the ground that all claims had been waived. *Commonwealth v. Shoemaker*, 462 Pa. 342, 341 A.2d 111 (1975).

do not have the pre-sentence report on which a judge has based his sentencing decision has been alluded to before. *Commonwealth v. Riggins,* 232 Pa.Super. 32, 47 & n. 5, 332 A.2d 521, 529 & n. 5 (1974) (Dissenting Opinion by Spaeth, J.). It appears nevertheless that we are not permitted to have pre-sentence reports, for Pa.R.Crim.P. 1404 states that they "shall be available only to" a specified list of persons or agencies, from which "reviewing courts" is absent.[2] This is in contrast to the provision of the Sentencing Code that "[t]he [pre-sentence] report shall be available to reviewing courts when relevant to an issue on which a request for review or an appeal has been taken." [3] Since this provision has been suspended by the Rules of Criminal Procedure, *see* Pa.R.Crim.P. 1415(g), it seems that the Supreme Court, through its Procedural Rules Committee, has decided that pre-sentence reports shall not be disclosed to a reviewing court. The difficulty with this conclusion is that one is hard put to imagine a reason sufficient to support it. In reviewing a claim of excessive sentence, we are to decide whether the lower court exercised its discretion "within certain procedural limits, including the consideration of sufficient and

2. Rule 1404. Disclosure of Reports

(a) All psychiatric and pre-sentence reports shall be confidential records. They shall be available only to:

(1) the sentencing judge;

(2) the attorney for the Commonwealth and counsel for the defendant, for inspection only, on conditions stated by the sentencing judge, provided that counsel shall not be supplied with copies of such reports unless ordered by the sentencing judge, but counsel shall be given the opportunity to comment thereon before the imposition of sentence;

(3) on the order of the sentencing judge, persons or agencies having a legitimate professional interest in the disposition of the instant case, including;

(i) a physician or psychiatrist appointed to assist the court in sentencing;

(ii) an examining facility;

(iii) a correctional institution;

(iv) a department of probation or parole.

(b) The sentencing judge may impose conditions of confidentiality consistent with this Rule.

3. Act of Dec. 6, 1972, P.L. 1482, No. 334, § 1333, added Dec. 30, 1974, P.L. 1052, No. 345, § 1, effective in 90 days; 18 Pa.C.S. § 1333(3) (Supp.1976).

accurate information." *Commonwealth v. Martin,* 466 Pa. 118, 131, 351 A.2d 650, 657 (1976). We cannot perform this task if we are forbidden to see a pre-sentence report, which may contain information that is insufficient, or inaccurate, or both.[4]

## 3

From the foregoing it might seem that we are at an impasse, unable to fulfil our responsibility as an appellate court: whether appellant's counsel at the sentencing hearing was ineffective depends on what was in the pre-sentence report; however, we are not permitted to know what was in the report.[5] In another case, we may indeed find ourselves in such a position. Here, as it happens, we do not.

At the sentencing hearing, appellant did not dispute the pre-sentence report. Thereby he waived his right to put

4. A plurality of the United States Supreme Court recently held that failure to include a pre-sentence report in the record on review of a capital sentence is a violation of the Due Process Clause of the Fourteenth Amendment. *Gardner v. Florida,* 430 U.S. 349, 97 S.Ct. 1197, 51 L.Ed.2d 393 (1977). The scope of this holding is unclear; two Justices wrote concurrences to emphasize that in their view the result was correct only as an application of the Due Process Clause "as the vehicle by which the strictures of the Eighth Amendment are triggered in this case." *Id.* at 364, 97 S.Ct. at 1208 (Concurring Opinion by Mr. Justice White). Nevertheless, the decision underscores the necessity of adequate information in the record on appeal so that the reviewing court may ascertain whether the sentencing process satisfied the requirements of the Due Process Clause (as it must, *Mempa v. Rhay, supra*).

Accordingly, it is respectfully urged that our Supreme Court review Pa.R.Crim.P. 1404. Revision may be found advisable under the Court's supervisory power, or even required under the clause of our state Constitution that parallels the Due Process Clause of the federal Constitution. Pa.Const. art. 1, § 9. *See generally,* Brennan, *State Constitutions and the Protection of Individual Rights,* 90 Harv.L.Rev. 489, 498–502 (1977); *Commonwealth v. Johnson,* 247 Pa.Super. 208, 220, 372 A.2d 11, 17 (1977) (Dissenting Opinion by Spaeth, J.); *In re Sharpe,* 248 Pa.Super. 74, 78 n. 5, 374 A.2d 1323, 1325 n. 5 (1977) (Concurring and Dissenting Opinion by Spaeth, J.; Slip Opinion at 9 n. 5).

5. Our position is made still more difficult because the sentencing judge has not filed an opinion explaining the basis of his sentence. The duty to file such an opinion is discussed in *Commonwealth v. Riggins, supra,* 232 Pa.Super. at 46–48, 332 A.2d at 528–29, (Dissent-

the Commonwealth to further proof. *See, e. g., United States v. Bass,* 175 U.S.App.D.C. 282, 535 F.2d 110 (1976), and *United States v. Needles,* 472 F.2d 652 (2d Cir. 1973), where much stress was laid on the necessity of a defendant's vigorously disputing alleged misinformation in pre-sentence reports. Here, appellant was silent throughout the sentencing hearing; he spoke only through counsel, who stated that the pre-sentence report was "rather thorough, and by and large . . . correct." N.T. Sentencing Hearing at 2.

It is true that appellant's silence is not by itself dispositive of his right to dispute the pre-sentence report, for appellant's contention before us is that his counsel at the sentencing hearing was ineffective. Conceivably, appellant was in fact not silent but told his counsel at the sentencing hearing that the pre-sentence report was not correct, counsel for some reason deciding not to press the point. Therein might lie ineffectiveness. We need not speculate on this possibility, however, for nowhere in his brief has appellate counsel made any showing, nor even alleged, that counsel at the sentencing hearing was ineffective for failing to dispute the pre-sentence report. So far as the record discloses, appellant and his counsel at the sentencing hearing saw the report only at the hearing, in accordance with Pa.R.Crim.P. 1404(a)(2). One may suspect that appellate counsel has never seen the report, in which event it is perhaps not surprising that he has not argued on the basis of its contents. Nevertheless, Rule 1404(a)(2) permits appellate counsel to see the report; he is, after all, "counsel for the defendant." Consequently, if appellate counsel wishes to argue before us that counsel at the sentencing hearing was ineffective for failing to dispute a presentence report, he must examine the report and then set out in his brief in what respect he contends the report prejudiced his client.

■■ There can no longer be any doubt about our duty to decide a claim that a sentence is excessive. *Common-*

544

*wealth v. Person,* 450 Pa. 1, 297 A.2d 460 (1972); *Commonwealth v. Green,* 396 Pa. 137, 151 A.2d 241 (1959). This duty, however, depends upon counsel, both for the prosecution and the defense, first performing their duty to develop an adequate record. Both the Sentencing Code, 18 Pa.C.S. § 1321(b), and the cases, *see especially Commonwealth v. Martin, supra,* specify the criteria by which the sentencing judge is to be guided in formulating the sentence. It is counsel's duty to present to the sentencing judge sufficient evidence so that the judge may apply these criteria in a thoughtful manner. As has been indicated elsewhere, *see Commonwealth v. Shoemaker, supra,* as a practical matter, the performance of this duty will in most cases be defense counsel's principal responsibility. While counsel's failure to perform this duty may result in his being declared ineffective, that can only occur if in his turn appellate counsel properly presents the claim of ineffectiveness. That was not done here.

Affirmed.

WATKINS, President Judge, and JACOBS, HOFFMAN, PRICE and VAN der VOORT, JJ., concur in the result.