402 A.2d 536

COMMONWEALTH of Pennsylvania

v.

**Ramiro Santos CRUZ, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 8, 1978.

Decided April 20, 1979.

Petition for Allowance of Appeal Denied Sept. 17, 1979.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before CERCONE, HESTER and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court manifestly abused its discretion in sentencing appellant because it relied in part upon unsubstantiated hearsay that appellant dealt in large quantities of illegal drugs. We conclude that appellant has not preserved this issue for our review and, accordingly, affirm the judgment of sentence.

On March 22, 1978, appellant pled guilty to two counts of selling heroin in violation of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. § 780–113(f)(1). The charges stemmed from two sales, each of two packets of heroin. On May 12, 1978, the lower court sentenced appel-

lant to serve two concurrent terms of imprisonment of two to ten years and to pay a $200 fine, restitution, and costs.

During the sentencing proceeding, the following relevant exchanges occurred:

"THE COURT: Anything else?

"DETECTIVE BRENEMAN: He's known to be what we would call a weight dealer. He has been known to deal in large quantities other than just dime bags and so on.

"THE COURT: Is this information something that you have gotten from informants or how do you have it?

"DETECTIVE BRENEMAN: Informants and through undercover agents also working.

"THE COURT: All right, Mr. Cruz, is there anything that you wish to say before I impose sentence?

.    .    .    .    .

"MR. PYFER [APPELLANT'S ATTORNEY]: And although the Officer might contend that Mr. Cruz is a weight dealer, it's interesting that the sales we have here are for two packets on both occasions. There is no weight involved.

.    .    .    .    .

"THE COURT: All right, the reason for the sentence I am about to impose is because not only has the Legislature considered the sale of heroin the most severe from the penalty point of view, but there were two incidents where there was a sale of heroin, on October 11, 1977 and October 22, 1977.

"The Court is considering each as a separate offense but will sentence you only on the first one taking into consideration the fact that there were two sales.

"The Court also feels that this is the type of offense where you are selling heroin for money that is causing danger to other in the community."

On May 22, 1978, appellant filed a petition challenging the legality of sentence, in which he alleged that "the sentence imposed was excessive and was an abuse of discretion under the circumstances." On May 25, 1978, the lower court denied appellant's petition. This appeal followed.

■ A sentence is invalid if it reasonably appears from a review of the entire record that the sentencing court may have relied in whole or in part upon an impermissible consideration. *Commonwealth v. Bethea*, 474 Pa. 571, 379 A.2d 102 (1977). An *unsubstantiated* statement that a defendant is a major drug dealer would be an inappropriate factor in a judge's imposition of sentence. *See United States v. Allen*, 494 F.2d 1216 (3rd Cir.), *cert. denied sub nom. Liles v. United States*, 419 U.S. 852, 95 S.Ct. 94, 42 L.Ed.2d 83 (1974); *United States v. Weston*, 448 F.2d 626 (9th Cir. 1971); *Commonwealth v. Smith*, 250 Pa.Super. 537, 378 A.2d 1278 (1977) (5 judges concurring in result). *Cf. Gardner v. Florida*, 430 U.S. 349, 359, 97 S.Ct. 1197, 1205 n. 10, 51 L.Ed.2d 393 (1977) (noting concern "about the possibility that critical unverified information may be inaccurate and determinative in a particular case"); *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949) (as a matter of federal constitutional law, some hearsay concerning criminal conduct not resulting in conviction may be permitted in a sentencing hearing). However, when a defendant fails to make a timely objection in the sentencing court, he waives the issue. *Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Shoemaker*, 462 Pa. 342, 341 A.2d 111 (1975). *Cf. Commonwealth v. Fields*, 478 Pa. 479, 387 A.2d 83 (1978).

■ In the instant case, the Commonwealth asserted that appellant was a "weight dealer," based upon information from unnamed informants and undercover agents. Such an assertion is quite similar to that found to be deficient in *United States v. Weston, supra.* However, at the sentencing hearing, appellant did not object to the Commonwealth's assertion but merely pointed out that the instant case did not involve large quantities of heroin; by not specifically and timely objecting to the accuracy of the Commonwealth's assertion, appellant has "waived his right to put the Commonwealth to further proof." *Commonwealth v. Smith, supra* at 250 Pa.Super. 537, 542, 378 A.2d at 1281. "If a denial [by a defendant] were to be made, the . . . court might request the Government to submit some verifi-

cation . . . [or] find existing factual support or indicia of reliability for the allegations . . . ." *United States v. Bass*, 175 U.S.App.D.C. 282, 535 F.2d 110 (1976). *See* *Commonwealth v. Burton*, 451 Pa. 12, 301 A.2d 675 (1973); *Commonwealth v. Rollins*, 224 Pa.Super. 467, 307 A.2d 385 (1973) (although the sentencing court erred in concluding that defendant was "a fairly sizeable seller" of heroin from sale of two bags of heroin in an area where large dealers work, we affirm because defendant did not ask to rebut the allegation and pitched his argument on appeal upon a strict evidentiary standard not applicable to sentencing proceedings). Here, we do not believe that the statement of appellant's counsel that "it's interesting" that the sales in question were not for large quantities of heroin constitutes a timely and specific objection to the Commonwealth's assertion that appellant is a "weight dealer." *See Commonwealth v. Clair*, 458 Pa. 418, 326 A.2d 272 (1974); *Commonwealth v. Jackson*, 261 Pa.Super. 355, 396 A.2d 436 (1978) (merely raising the "possibility" of an irregularity does not, without more, constitute a motion to dismiss). Thus, he did not adequately alert the court to correct the asserted error. Because appellant has not preserved the issue for our review, we must, accordingly, affirm the judgment of sentence.

Order and judgment of sentence affirmed.