441 A.2d 758

**COMMONWEALTH of Pennsylvania**

**v.**

**Gary KESSINGER, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 12, 1981.

Filed Feb. 12, 1982.

Joseph P. Martone, Erie, for appellant.

James E. Blackwood, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

SHERTZ, Judge:

Appellant, Gary Lee Kessinger, pleaded guilty to five counts of Theft by Deception.[1] In this appeal from judgment of sentence Appellant makes three contentions: (1) the sentencing court abused its discretion in refusing to allow him to inspect the pre-sentence report; (2) he was denied a full and fair allocution as provided in Rule 1405, Pa.R. Crim.P., because of this refusal; and, (3) sentencing counsel[2] was ineffective for failing to place specific objections to the pre-sentence report on the record at the time of sentencing and for withdrawing a motion to vacate the guilty plea prior to a full determination of the merits of the motion. We find no merit in any of these contentions and we therefore affirm the judgment of sentence.

With regard to Appellant's first assertion, the record simply does not support the contention that the trial court did not act in conformity with the mandates of Rule 1404, Pa.R.Crim.P.[3] or *Commonwealth v. Phelps*, 450 Pa. 597, 301

1. 18 Pa.Cons.Stat.Ann. § 3922 (Purdon 1973).

2. Appellant is currently represented by counsel other than sentencing counsel. This assertion is, therefore, timely made. *See Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975).

3. At the time of sentencing, the Rule read, in relevant part:
Disclosure of Reports
(a) All psychiatric and pre-sentence reports shall be confidential records. They shall be available only to:
(1) the sentencing judge;
(2) the attorney for the Commonwealth *and counsel for the defendant for inspection, only, on conditions stated by the sentencing judge*, provided that counsel shall not be supplied with copies of such reports unless ordered by the sentencing judge, but counsel shall be given the opportunity to comment thereon before the imposition of sentence;

(b) The sentencing judge may impose conditions of confidentiality consistent with this Rule.

COMMENT: The policy on disclosure contained in this Rule is intended to prevent injustices which may arise when inaccurate information in psychiatric and pre-sentence reports is submitted to

A.2d 678 (1973), and the ABA Standards Relating to Sentencing Alternatives and Procedures adopted therein.[4] The record reveals that counsel for Appellant was permitted full access to the report[5] as required by the Rules of Criminal

> the judge unchallenged. However, *the Rule is not intended to encourage formal litigation over these reports but, on the contrary, is intended to prevent such a development by affording counsel for both parties an opportunity to point out any such inaccuracies* before the judge pronounces sentence. Although the appellate courts have never conclusively decided whether a defendant is entitled to see these reports as a constitutional right, the Supreme Court of Pennsylvania has recently concluded that in its supervisory powers it would direct disclosure of portions not secured on a confidential basis. *Commonwealth v. Phelps*, 450 Pa. 597, 301 A.2d 678 (1973).
>
> Paragraph (a)(2) permits the sentencing judge to impose conditions on counsel. This permits the judge to preserve the confidentiality of sources of information when deemed necessary. It also permits the judge in the proper exercise of his discretion to withhold portions of the report from counsel or to require counsel not to disclose portions to defendant, when the latter's mental or physical well-being may be jeopardized thereby.

Rule 1404, Pa.R.Crim.P. (emphasis added).

4. These Standards provide:

> "Presentence report: disclosure: parties.
>
> (a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf.
>
> (b) This principal *should be implemented by requiring that the sentencing court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report.* The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which has been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure should be subject to appellate review.

ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures § 4.4 (Approved Draft, 1968) (emphasis added).

5. Appellant has not contended that counsel failed to review the report with him. In fact, paragraph four of the application for

Procedure and the ABA Standards. Thus, we reject Appellant's argument that the trial court abused its discretion in disallowing him personally to review the report for inaccuracies.[6] As the trial court stated to Appellant at the time of sentencing:

> Mr. Kessinger, I'll explain to you further what I said about the presentence report. Your attorney has [been?] provided this and there are matters here that the probation department has developed in their investigation and reevaluation of the case. These are matters that they have worked on, and they have a right to keep confidential. The other matters, I would tell you, the other matters in your background, certainly would not indicate anything detrimental to you.

N.T. Sentencing Hearing at 4–5.

Appellant's next contention, that he was denied a full and fair allocution pursuant to Rule 1405, Pa.R.Crim.P.,[7] is similarly unsupported by the record.

The twenty-four page sentencing transcript indicates that both Appellant and his counsel were permitted to address

disclosure which was filed with the court below avers that counsel did indeed so review it.

**6.** In so doing we also reject Appellant's assertion that, because he was easily manipulated by women and because the pre-sentence report was compiled by a female probation officer, he should have been permitted to inspect the report personally. Brief for Appellant at 11–12.

**7.** Appellant essentially reiterates the assertion that he himself should have been permitted to inspect the presentence report. That is, refusal of this request resulted in a denial of the allocution rights afforded by the following language in the Rule:

At the time of sentencing, the judge shall:
(a) *afford the defendant the opportunity to make a statement in his own behalf* and afford counsel for both parties an opportunity to present argument and information relative to sentencing;

Rule 1405, Pa.R.Crim.P. (emphasis added).

Appellant argues he could not speak authoritatively in his own behalf when he did not know those matters the court relied on and considered relevant. Brief for Appellant at 16. The sentencing transcript, however, reveals that both Appellant and his counsel spoke to the court of his ability to be manipulated by women. N.T. Sentencing Hearing at 8, 17.

the court prior to the imposition of sentence so as to afford Appellant a full and fair allocution. *See Commonwealth v. Knighton*, 251 Pa.Super.Ct. 299, 380 A.2d 789 (1977). In addition, the court below read the extensive materials which Appellant had submitted in his own behalf. N.T. Sentencing Hearing at 19. We therefore conclude Appellant was not denied his allocution rights.

■ Appellant's final argument alleges ineffectiveness of trial counsel on two grounds: failure to object to the presentence report at the time of sentencing and failure to seek a full determination of the merits of the motion to vacate the guilty plea. Insofar as the first of these assertions is concerned, it is without merit. We agree with the Commonwealth that appellate counsel has not specified in what respect sentencing counsel was ineffective for placing no specific objection to the pre-sentence report on the record. As this Court stated in *Commonwealth v. Smith*, 250 Pa.Super.Ct. 537, 378 A.2d 1278 (1977):

> [R]ule 1404(a)(2) permits appellate counsel to see the report; he is, after all, "counsel for the defendant." Consequently, if appellate counsel wishes to argue before us that counsel at the sentencing hearing was ineffective for failing to dispute a presentence report, he must examine the report and then set out in his brief in what respect he contends the report prejudiced his client.

*Id.*, 250 Pa. at 543, 378 A.2d 1282. Appellate counsel asserts trial counsel "though aware of possible inaccuracies in and of Appellant's displeasure with the report, did not rebut or object to it or any portion." Brief for Appellant at 20. Nowhere, however, does appellate counsel particularize inaccuracies in the report nor does he specify in what respect the report prejudiced Appellant. Appellate counsel's generalized, conclusory allegations of ineffectiveness of counsel at sentencing are insufficient under *Smith*.

■ Finally, the allegation that sentencing counsel was ineffective for withdrawing the motion to vacate Appellant's guilty plea without a hearing is also without merit. Appellant was sentenced on February 25, 1980. *Subsequent*

*to sentencing*, on March 3, 1980, counsel filed a motion to withdraw the guilty plea but withdrew same prior to oral argument.

> In order to determine whether counsel's assistance was effective, we must be "able to conclude the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). [Emphasis in original.] However, counsel cannot be found ineffective for failing to assert a meritless claim. Only when an abandoned claim is of arguable merit must we inquire into counsel's basis for not pursuing it. *Commonwealth v. Sherard*, 483 Pa. 183, 394 A.2d 971 (1978); *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977).

*Commonwealth v. Weathers El*, 485 Pa. 28, 31, 400 A.2d 1295, 1297 (1979). *See also Commonwealth v. Giknis*, 491 Pa. 215, 420 A.2d 419 (1980) (counsel cannot be found ineffective for failing to assert a meritless claim).

> Assertions of ineffectiveness in a vacuum cannot be ineffectiveness. Counsel who is alleging ineffectiveness must set forth an offer to prove at an appropriate hearing sufficient facts upon which a reviewing court can conclude that trial counsel may have, in fact, been ineffective. This Court will no longer consider claims of ineffective assistance of counsel in the abstract.

*Commonwealth v. Pettus*, 492 Pa. 558, 562, 424 A.2d 1332, 1335 (1981).

Appellant argues that, unless it can be shown that he consented to the withdrawal of the motion to vacate, counsel was ineffective for withdrawing same [8] because of Appel-

8. Appellant nowhere contends that his guilty plea was involuntarily entered. In this respect his reliance on *Commonwealth v. Johnson*, 258 Pa.Super.Ct. 214, 392 A.2d 760 (1978), is misplaced for Appellant therein did make such a contention. In addition, the record herein, unlike the record in *Johnson*, reveals that, at the time he was sentenced, Appellant was apprised of his right to petition the court below within ten days, of the waiver of appellate rights should he fail to petition and of the right to assistance of counsel. N.T. Sentencing

lant's loss thereby of the right to challenge the plea on appeal.[9] We disagree.

"Where . . . the withdrawal of the plea is sought only after sentence has been imposed, a *showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified.*" *Commonwealth v. Starr*, 450 Pa. 485, 489, 301 A.2d 592, 595 (1973) (emphasis added).

Applying this standard in conjunction with that enunciated in *Pettus*, we find that appellate counsel has failed to specify *any facts* which would enable a reviewing court to conclude that sentencing counsel could have made a showing of prejudice, on the order of manifest injustice, to the court below, such as would result in the grant of the motion. We therefore conclude that sentencing counsel was not ineffective in withdrawing the motion to vacate Appellant's guilty plea.

Judgment of sentence affirmed.

SPAETH, J., concurs in the result.

The decision in this case was rendered prior to the expiration of Judge SHERTZ's commission of office on the Superior Court of Pennsylvania.

Hearing at 2. At that time Appellant indicated his understanding of these rights and the consequence of not exercising them.

9. *See* Rule 321, Pa.R.Crim.P. and Comment.