J-S63005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| HEATHER ANTOS, | |
| Appellant | No. 705 MDA 2014 |

Appeal from the Judgment of Sentence March 26, 2014
In the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0002126-2013

BEFORE:  BOWES, PANELLA, and PLATT,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 07, 2015**

Heather Antos appeals from the March 26, 2014 judgment of sentence and contests the amount of restitution she was ordered to pay as unsupported by competent evidence.  We agree with her position that the Commonwealth utilized inadmissible hearsay to establish the amount of restitution.  We therefore vacate the judgment of sentence and remand for re-sentencing.

On November 15, 2013, Appellant entered a guilty plea to one count of theft by unlawful taking graded as a third-degree felony.  She admitted that, between June 1, 2012, and August 5, 2013, she exercised unlawful control over numerous pieces of jewelry and cash with the intent to deprive the

---

[*]  Retired Senior Judge assigned to the Superior Court.

owners of that property. The items in question belonged to Joseph Kapaso, Chris Kutch, Eric Judge, Jerry Kaufman, and Mary Ann Kaufman. Appellant conceded that she was cleaning the homes of the named victims and stole cash and jewelry.

A restitution hearing was held on March 7, 2014. Eric Judge testified and established that Appellant removed items from his house worth $19,350 and that he was reimbursed by his insurer for $3,500. The Commonwealth then introduced a victim impact statement from Debra Kutch, who did not appear at the hearing. In the statement, Ms. Kutch reported that Appellant stole $7,395 in jewelry and $1,500 in cash from her. Appellant objected to introduction of the victim impact statement as hearsay. N.T. Hearing, 3/7/14, at 11. The trial court overruled the objection on the basis that, "I don't feel that I am bound by the strict rules of evidence and it is up to me to set the amount of restitution that will be ordered." *Id*.

Similarly, the amount of restitution to be awarded to Mr. Kaufman and Ms. Kaufman was also established through the use of hearsay evidence. Over a hearsay objection, the Commonwealth introduced a handwritten list of the items from Mr. Kaufman and reportedly taken by Appellant. Mr. Kaufman wrote that Appellant took cuff links worth $1,200 and a pocket watch valued at $8,500. Ms. Kaufman sent an e-mail that was admitted into evidence and outlined the pieces of jewelry stolen from her by Appellant. The jewelry stores where Ms. Kaufman purchased the items provided their respective values. The objects included a necklace worth $100,000, a

- 2 -

diamond heart pendant worth $15,000, a sapphire diamond pendant worth $25,000, a ring worth $10,000, a turquoise necklace worth $15,000, a ring set worth $10,000, diamond hoop earrings worth $25,000, and other earrings worth $21,000. Appellant objected on the basis that the estimates and list of items purportedly stolen constituted hearsay. She also noted, "Neither Miss Kaufman or the jewelry companies are here to authenticate it." *Id*. at 14.

Appellant was sentenced on March 26, 2014, to nine to twenty-three months in jail followed by two years probation. The sentencing court also awarded restitution of $8,895 to Mr. Kutch, $9,700 to Mr. Kaufman, $256,000 to Ms. Kaufman, and $15,850 to Mr. Judge. This appeal followed. Appellant presents two related issues on appeal:

> I. Did the trial court err as a matter of law by determining that the Commonwealth met its burden of establishing restitution owed by the Appellant to Christopher and Deborah Kutch, Jerry Kaufman, and Mary Ann Kaufman?
>
> II. Should the documents contained in the Victim Impact Statement/Memorandum for victims Christopher and Deborah Kutch, Jerry Kaufman, and Mary Ann Kaufman be denied by this Honorable Court as inadmissible hearsay?

Appellant's brief at 4.

Appellant claims that the restitution award as to victims Christopher and Deborah Kutch, Jerry Kaufman and Mary Ann Kaufman[1] was not supported by the record. Restitution is authorized under 18 Pa.C.S. § 1106, which provides in pertinent part that it is mandatory that the court order "full restitution . . . [r]egardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss." 18 Pa.C.S. § 1106(c)(1)(i). While restitution is mandatory, "It is the Commonwealth's burden of proving its entitlement to restitution." *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa.Super. 2010). Moreover, "When fashioning an order of restitution, the lower court must ensure that the record contains the factual basis for the appropriate amount of restitution." *Id*. It is settled that an award of restitution cannot be excessive or speculative. *Id*. Finally, "although it is mandatory under section 1106(c) to award full restitution, it is still necessary that the amount of the 'full restitution' be determined under the adversarial system with considerations of due process." *Id*. (quoting *Commonwealth v. Ortiz*, 854 A.2d 1280, 1282 (Pa.Super. 2004)).

Initially, we note that "questions implicating the trial court's power to impose restitution concern the legality of the sentence." *Commonwealth v. Hall*, 80 A.3d 1204, 1211 (Pa. 2013) (citing *In re M.W.*, 725 A.2d 729,

---

[1] Appellant concedes that Eric Judge's restitution award was sustained by the evidence. Appellant's brief at 10.

731 n.4 (Pa. 1999); *Commonwealth v. Stetler*, 95 A.3d 864, 888 n.6 (Pa.Super. 2014) ("challenges to the appropriateness of a sentence of restitution are generally considered [c]hallenges to the legality of the sentence."). In contrast, where the claim is "that the restitution order is excessive, it involves a discretionary aspect of sentencing." *In re M.W.*, *supra* at 731.

In this case, Appellant maintains that the court could not award restitution to the named victims since no valid evidence of record supported it; hence, it falls within the parameters of the court's power to enter an award and relates to the legality of sentence. *Accord Commonwealth v. Boyd*, 73 A.3d 1269 (Pa.Super. 2013) (*en banc*) (where claim was that fine was improper since there was no record support that defendant had ability to pay fine, it related to sentencing court's authority to impose a fine and therefore raised a nonwaivable legality of sentence issue).

In this case, we agree with Appellant's preserved allegation that the amount of restitution to the victims, other than that directed to Mr. Judge, was unsupported by competent evidence. The restitution awarded to the other three victims was based upon rank hearsay unsubstantiated by any surrounding circumstances. The proof of the restitution awarded to the pertinent victims in this matter deprived Appellant of her ability to contest and challenge, through cross-examination, whether the items were taken as well as their value.

Our law provides that the rules of evidence apply to sentencing proceedings. Pa.R.E. 101, which relates to the scope of the rules, provides that, "These rules of evidence govern **proceedings in all courts** of the Commonwealth of Pennsylvania's unified judicial system, except as otherwise provided by law."[2] Pa.R.E. 101(a) (emphasis added). Sentencing is a proceeding in the courts of this Commonwealth, and thus, the rules of evidence, including those related to hearsay, apply.[3] The comment to Rule 101 does concede that, "Traditionally, our courts have not applied the law of evidence in its full rigor in proceedings such as . . . sentencing hearings," but this comment does not permit a wholesale abrogation of the hearsay rule in the sentencing context. Indeed, case law is to the contrary.

In an analogous scenario, we vacated a judgment of sentence that was imposed, in part, based upon consideration of hearsay contained in police reports. *Commonwealth v. Rhodes*, 990 A.2d 732 (Pa.Super. 2009). We noted that we were particularly concerned with the sentencing court's reliance upon the police reports in that their use deprived the defendant of "the opportunity to cross-examine the witnesses whose hearsay statements comprised the bulk of the reports' contents." *Id*. at 745. We ruled that a sentencing court's "reliance on unverified hearsay outside the record is

---

[3] The Commonwealth acknowledges that a restitution proceeding is a sentencing proceeding.

impermissible." *Id*. We continued that "a defendant has the right to minimal safeguards to ensure that the sentencing court does not rely on factually erroneous information, and any sentence predicated on such false assumptions is [anathema] to the concept of due process." *Id*. at 746 (citation omitted); *accord Commonwealth v. Schwartz*, 418 A.2d 637 (Pa.Super. 1980) (reversing a fine due to the fact that it was based upon *ex parte* hearsay information provided to the sentencing court by police officers, who told the court that the defendant was known to frequently sell high volumes of drugs); *see also Commonwealth v. Green*, 581 A.2d 544 (Pa. 1990) (it was error for the trial court to permit a witness to testify at sentencing that an unnamed inmate accused defendant of inciting other prisoners to take a hostage); *Commonwealth v. Cruz*, 402 A.2d 536, 537 (Pa.Super. 1979) (criticizing the sentencing court's consideration of a detective's unsubstantiated hearsay statement that informants told him that the defendant was a major drug dealer, but noting that the hearsay objection had been waived).

A sentencing court is permitted to rely upon hearsay evidence when it is substantiated if the hearsay originated from a dependable source under reliable circumstances. In *Commonwealth v. Medley*, 725 A.2d 1225 (Pa.Super. 1999), the issue concerned the defendant's prior record score, and the Commonwealth established through hearsay proof that an out-of-state conviction increased that score. While the defendant objected to the

sentencing court's reliance upon hearsay, we rejected that contention due to the trustworthy nature of the proof.

Specifically, a police detective testified that he had contacted the out-of-state authorities and verified that the defendant was convicted of the offense based upon the defendant's name and fingerprint identification. We outlined that, while the police witness's "testimony was hearsay, it was not the type of 'unsubstantiated' hearsay previously criticized by this court in **Commonwealth v. Cruz [supra]**." **Medley, supra** at 1230. In affirming, we also observed that the defendant had admitted that he previously was arrested in the city and state in which the offense occurred and that the police detective in question was an expert in fingerprint comparison. We concluded that the detective's hearsay, in light of the circumstances, had sufficient indicia of reliability to be relied upon by the sentencing court.

Hearsay is defined as a statement that "the declarant does not make while testifying at the current trial or hearing" and that "a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c)(1-2). The myriad documents submitted by the Commonwealth herein were undoubtedly hearsay. Emails, appraisals, and handwritten lists were introduced to establish which items were taken and their values. Those who made the statements did not testify at the hearing. Thus, all of the objected-to documents were hearsay.

Additionally, the documents bore no indicia of reliability, as did the hearsay at issue in *Medley*. No one introduced the documents into evidence. Instead, the Commonwealth merely submitted them to the sentencing court. There were no other corroborating circumstances, such as admissions by Appellant, that provided substantiation for the truth of the matters reported in the documents.

The critical flaw in these proceedings was Appellant's inability to engage in any type of cross-examination. That scenario offends fundamental notions of fair play and due process. Mr. Kaufman provided a handwritten list of his lost items and his own personal opinion as to their worth. Although Appellant pointed out that pocket watches normally retail for $1,500, the sentencing court speculated that Mr. Kaufman's pocket watch may have been an antique and therefore worth $8,500. In doing so, the sentencing court engaged in unsupported guesswork as to the pocket watch's characteristics. Appellant was unable to question Mr. Kaufman about why his pocket watch had a value many times in excess of that of a typical pocket watch.

Likewise, Ms. Kaufman merely submitted an email listing her stolen jewelry pieces, which had high values placed on them. Appellant could not inquire about their size, composition, nature, or other unique characteristics that supported the significant valuations in question. Moreover, Appellant

could not contest the appraisals in any manner, including the $15,000 value assigned to the turquoise necklace.

The Commonwealth first argues that, "the Rules of Evidence are not applicable to restitution proceedings, so that there was no need for authentication of the documents presented." Commonwealth's brief at 4. It continues that restitution can be upheld based upon hearsay, and it relies upon **Commonwealth v. Burwell**, 58 A.3d 790 (Pa.Super. 2012).[4] In that decision, we simply outlined that the victim's lost wages were proven by reference to a letter from his employer and affirmed a restitution award. However, there was no hearsay objection raised to the proof of wage loss through the use of the letter, and the issue presently on appeal herein was not examined to any extent by the **Burwell** decision.

As stated *supra*, our Rules of Evidence expressly apply to sentencing hearings and the use of rank hearsay during sentencing proceedings has been disapproved by this Court. As established by **Medley**, *supra*, only hearsay that is reliable and substantiated by surrounding circumstances can be permitted at such a proceeding.

The Commonwealth notes that other "state courts have specifically concluded that restitution is a part of sentencing and hearsay is admissible

_____

[4] The Commonwealth does not attempt to establish that the documents in question fall within the parameters of a hearsay exception. We also note that the appraisals were not authenticated.

at a restitution hearing." Commonwealth's brief at 7. It continues, "This Court should follow the lead of these other state courts and likewise find that hearsay is admissible in restitution hearings." *Id*. at 8. We have read the decisions from the other jurisdictions and, in each instance, the applicable state rule of evidence expressly stated that its jurisdiction's rules of evidence were not applicable in sentencing proceedings. The Pennsylvania Rules of Evidence, as promulgated by our High Court, are directly to the contrary. The Pennsylvania Supreme Court is accorded the sole authority to alter the rules of evidence applicable to courts. Pa.Const. Art. V. § 10(c) ("The Supreme Court shall have the power to prescribe general rules governing practice, procedure and the conduct of all courts[.]). This Court cannot ignore its mandate that the Pennsylvania Rules of Evidence apply to all proceedings in any court in this Commonwealth. Moreover, this panel is bound by the prior Superior Court decisions that hold that unreliable hearsay cannot be utilized at sentencing. Hence, we must vacate the judgment of sentence and remand for re-sentencing, where the Commonwealth may establish the victims' entitlement to restitution within the bounds of accepted evidentiary proof.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judge Panella and Judge Platt concur in the result.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/2015