J-S65033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY GENE HETRICK, JR. | : | |
| | : | |
| Appellant | : | No. 831 MDA 2018 |

Appeal from the Judgment of Sentence April 5, 2018
In the Court of Common Pleas of Huntingdon County Criminal Division at
No(s): CP-31-CR-0000547-2017

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: JANUARY 28, 2019**

Gary Gene Hetrick, Jr. appeals from the judgment of sentence entered following his guilty plea to three counts of resisting arrest and one count each of criminal trespass (defiant trespasser), disorderly conduct (engages in fighting), and public drunkenness.[1] Hetrick challenges the discretionary aspects of his sentence and claims the trial court erred in not permitting him to receive a copy of his pre-sentence investigation report ("PSI"). We affirm.

On January 16, 2018, Hetrick pled guilty to the above-referenced offenses. According to the Affidavit of Probable Cause attached to the Criminal Complaint, Hetrick was at Memories Bar, where he became belligerent and yelled at the other customers. The establishment's owner asked him to leave,

_____

[1] 18 Pa.C.S.A. §§ 5104, 3503(b)(1)(i), 5503(a)(1), and 5505, respectively.

and Hetrick refused. When the police officers arrived, they again asked him to leave. Hetrick failed to leave, fought with the officers, and resisted arrest.

On April 5, 2018, the trial court sentenced Hetrick. At the sentencing hearing, the trial court asked whether Hetrick's counsel had any additions or corrections to the PSI. Counsel responded: "I do not. In speaking with my client, he believes that he may have an extra day of time that he had served over what the [PSI] says, but I feel that 256 days is not inaccurate." N.T., 4/5/18, at 2. His counsel argued that the incident was the result of a "bad day," because Hetrick was having a "falling out" with his girlfriend. *Id.* at 3. Counsel stated, "It was a very bad day. He made some poor choices and reacted very poorly when the police arrived." *Id.* at 4.

After reviewing the PSI, hearing argument from Hetrick's counsel and the Commonwealth, and hearing Hetrick's allocution, the trial court stated:

> Well, Mr. Hetrick, I don't think this is out of character for you. I think it is totally in character for you. Looking at your record, you have had a [driving under the influence ("DUI")] in Centre County, a DUI in Blair County, drug charges in Mifflin County, simple assault charges in Huntington County, harassment charges in Huntington County. I think this is totally in character. And you put the public at risk.
>
> And as a result, I have considered the protection of the public, the gravity of the offenses as it relates to the impact on the life of the victims, the law enforcement officers, the community, and I have also considered your rehabilitative needs. I don't think the statutory sentencing guidelines are

- 2 -

appropriate in this case. I have considered them, and I am going to sentence outside the sentencing guidelines.[2]

You caused a great disturbance to the members of the public, but you also put the health and safety of three Huntington Borough Police officers at risk, and that's a great concern. You simply could have left when asked by the owner of the establishment to leave, and you didn't do that. And you stayed there and you wanted a fight, and you got a fight. And from what I'm reading, it looks like not only did you lose the fight, but you're also, as a result, going to state prison.

*Id.* at 6-7. For the three resisting arrest convictions, the court imposed one term of nine to 24 months' imprisonment and two terms of four to 24 months' imprisonment and, for the criminal trespass conviction, the court imposed a term of three to 12 months' imprisonment.[3] The court ordered the sentences to run consecutively, for an aggregate sentence of 20 to 84 months' imprisonment.

Hetrick filed a post-sentence motion arguing that the sentence was excessive considering the nature of the offenses and Hetrick's criminal history and rehabilitative needs. Hetrick also filed a motion for disclosure of the PSI. The PSI included a statement stating "the offender has no right to personally review the report." Motion for Disclosure of Pre-Sentence Investigation

---

[2] For the resisting arrest convictions, the sentencing guideline range was restorative sanctions to four months' imprisonment, with an aggravated range of seven months' imprisonment. For the criminal trespass conviction, the standard sentencing guideline range was restorative sanctions to three months' imprisonment, with an aggravated range of six months' imprisonment.

[3] The court imposed sentences of guilty with no further penalty for the convictions for disorderly conduct and public drunkness.

Report, at ¶ 3. Hetrick maintained that he had a right to review the report, noting there was no evidence the disclosure would be detrimental to Hetrick or sources of information. *Id.* at ¶ 6. On May 14, 2018, the trial court denied both motions. Hetrick filed a timely notice of appeal.

Hetrick raises the following claims on appeal:

> 1. Is Mr. Hetrick's sentence of total confinement in state prison unreasonably excessive, when it exceeds the presumptive limit of the Sentencing Guidelines and is based on a factor already weighed by the Sentencing Guidelines, considering that his conduct caused no injury or harm and was situational?
>
> 2. Was Mr. Hetrick entitled to receive a copy of the pre-sentence investigation report, given the fact that neither the probation department nor the Commonwealth provided any grounds for withholding it from him?

Hetrick's Br. at 6.

## I.    Discretionary Aspects of Sentence

Hetrick claims the trial court failed to articulate its reasons for concluding that a sentence of total confinement was necessary and claims the court considered his prior record score, which had already been considered in the sentencing guidelines. He further argues the court imposed an excessive sentence and focused too heavily on his criminal history and failed to consider mitigating circumstances, including that his "ill-considered conduct was largely situational." Hetrick's Br. at 11.

A challenge to the discretionary aspects of a sentence is not appealable as of right. *Commonwealth v. Colon*, 102 A.3d 1033, 1042 (Pa.Super. 2014). Before we exercise jurisdiction to reach the merits of a claim, we must

determine whether: (1) the appeal is timely; (2) the appellant has preserved his issue; (3) his brief includes a concise statement of the reasons relied upon for allowance of an appeal with respect to the discretionary aspects of his sentence; and (4) the concise statement raises a substantial question whether the sentence is inappropriate under the Sentencing Code. *Id.* at 1042-43; *see also* Pa.R.A.P. 2119(f) (mandating that an appellant "set forth in a separate section ... the reasons relied upon for allowance of appeal"). Only if the appeal satisfies each of these four requirements may we proceed to decide the substantive merits of the claim. *Colon*, 102 A.3d at 1043. In so doing, we review the sentence imposed for an abuse of discretion. *Id.*

Hetrick timely filed a notice of appeal and his brief contains a concise statement of the reasons on which he relies. Hetrick, however, did not raise in his post-sentence motion his claim that the court considered an impermissible factor by basing his sentence on a factor already considered in the sentencing guidelines. Hetrick, therefore, waived this claim.

Further, even if Hetrick had preserved this claim, we would conclude it lacked merit. Contrary to Hetrick's contention, the court did not rely solely on his criminal history as its reason for sentencing him outside the sentencing guideline range.[4] Rather, it sentenced above the aggravated range because Hetrick's conduct put the public at risk and, in doing so, the court considered

---

[4] The court imposed outside the sentencing guidelines for one resisting arrest conviction. For the remaining convictions, it imposed sentences at the high-end of the standard range of the guidelines.

Hetrick's criminal history, as well as the protection of the public, the gravity of the offense as it relates to the victims, the community, and Hetrick's rehabilitative needs. N.T., 4/5/18, at 6-7; *see also Commonwealth v. Griffin*, 804 A.2d 1, 10 (Pa.Super. 2002) (noting "court should refer to the defendant's prior criminal record, his age, personal characteristics and his potential for rehabilitation"); *Cf. Commonwealth v. Simpson*, 829 A.2d 334, 339 (Pa.Super. 2003) (finding claim that court considered impermissible factor already weighed in sentencing guidelines as sole reason for imposing sentence in aggravated range raised substantial question). This was not an abuse of discretion.

Hetrick's post-sentence motion did include his claim that the court imposed an excessive sentence without considering mitigating factors. Further, the claim raises a substantial question. *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super. 2014) (holding "excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question"). We will therefore review Hetrick's claim to determine whether the trial court abused its discretion in sentencing him to 20 to 84 months' imprisonment.

Here, the court considered the PSI, the arguments of counsel, Hetrick's allocution, and the factors set forth in the Sentencing Code, and the court put its reasons for the sentence on the record. The trial court did not find credible Hetrick's claimed mitigating factor, that is, that he was having a bad day and the conduct would not occur again. As it did not find it credible, it did not err

in not using such a factor as a mitigating factor. We conclude the trial court did not abuse its discretion in sentencing Hetrick to an aggregate sentence of 20 to 84 months' imprisonment.

## II.    Right to Review PSI

Hetrick argues the trial court erred in denying his counsel's request to share a copy of the PSI with Hetrick. He argues the PSI form states that "the offender has no right to personally review the report." Hetrick's Br. at 12. He argues the Sentencing Code presumes a defendant will have access to the PSI and that a defendant's counsel should be permitted to disclose the PSI unless specifically ordered not to disclose it. *Id.* at 13. He also argues that the trial court's policy of prohibiting a defendant from having a copy is "senseless," because the court "allows both the prosecuting and defense attorneys to obtain a copy," and "[d]efense counsel is allowed to discuss the PSI at length with the defendant, and even to read the PSI to the defendant in its entirety." *Id.* at 16.

Pennsylvania Rule of Criminal Procedure 703 provides:

> (A) All pre-sentence reports and related psychiatric and psychological reports shall be confidential, and not of public record. They shall be available to the sentencing judge, and to:
>
> . . .
>
> (2) the attorney for the Commonwealth and counsel for the defendant, for inspection and copying, unless the sentencing judge orders that they be available for inspection only.

Pa.R.Crim.P. 703(A)(2). Further, in **Commonwealth v. Phelps**, 301 A.2d 678 (Pa. 1973), the Pennsylvania Supreme Court adopted the ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Sentencing Alternatives and Procedures § 4.4 (Approved Draft, 1968), which provides:

> Presentence report: Disclosure; parties.
>
> (a) Fundamental fairness to the defendant requires that the substance of all derogatory information which adversely affects his interests and which has not otherwise been disclosed in open court should be called to the attention of the defendant, his attorney, and others who are acting on his behalf.
>
> (b) This principle should be implemented by requiring that the sentencing court permit the defendant's attorney, or the defendant himself if he has no attorney, to inspect the report. The prosecution should also be shown the report if it is shown to the defense. In extraordinary cases, the court should be permitted to except from disclosure parts of the report which are not relevant to a proper sentence, diagnostic opinion which might seriously disrupt a program of rehabilitation, or sources of information which has been obtained on a promise of confidentiality. In all cases where parts of the report are not disclosed under such authority, the court should be required to state for the record the reasons for its action and to inform the defendant and his attorney that information has not been disclosed. The action of the court in excepting information from disclosure should be subject to appellate review.

**Phelps**, 301 A.2d at 679.

In **Commonwealth v. Kessinger**, 441 A.2d 758, 759 (Pa.Super. 1982), the appellant claimed the trial court abused its discretion in refusing to allow him to inspect the pre-sentence report. We concluded that the record did not support his contention, noting the appellant's counsel had full access to the report, and noting the appellant did not contend counsel failed to review

it with him. ***Id.*** at 759-60. We explained this was in compliance with the applicable rule of criminal procedure,[5] ***Phelps***, and the ABA Standards adopted therein. ***Id.***

Here, as in ***Kessinger***, Hetrick's counsel reviewed a copy of the PSI and a review of the transcript and his appellate brief reveals counsel reviewed the PSI with Hetrick.[6] Accordingly, we conclude that Hetrick's claim lacks merit.

Judgment of sentence affirmed.

---

[5] Rule 1404 previously governed the disclosure of PSIs and provided:

Disclosure of Reports

(a) All psychiatric and pre-sentence reports shall be confidential records. They shall be available only to:

(1) the sentencing judge;

(2) the attorney for the Commonwealth and counsel for the defendant for inspection, only, on conditions stated by the sentencing judge, provided that counsel shall not be supplied with copies of such reports unless ordered by the sentencing judge, but counsel shall be given the opportunity to comment thereon before the imposition of sentence[.]

Pa.R.Crim.P. 1404 (rescinded Jan. 1, 1992).

[6] ***Commonwealth v. Herrick***, cited by the trial court and in the PSI, addresses a defendant's right to access the PSI of a witness testifying against him. 660 A.2d 51, 55-58 (Pa.Super. 1995). It does not address the defendant's right to access his own PSI.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>01/28/2019</u>