COMMONWEALTH of Pennsylvania,
Appellee

v.

Christopher Le ATANASIO, Appellant.

Superior Court of Pennsylvania.

Argued April 7, 2010.
Filed May 24, 2010.

Robert H. Steinberg, Middleburg, for appellant.

BEFORE: BENDER, PANELLA, and LAZARUS, JJ.

OPINION BY PANELLA, J.,

¶ 1 Appellant, Christopher Le Atanasio, appeals from the judgment of sentence entered on March 10, 2009, in the Court of Common Pleas, Snyder County. After careful review, we vacate the trial court's order of restitution and remand.

¶ 2 We note at the outset that this appeal raises a single issue of whether the trial court erred when it placed the burden

of proving a challenge to a claim for restitution on the Appellant. We conclude that because the trial court impermissibly shifted the Commonwealth's burden of proving an entitlement to restitution, due process considerations demand that we remand for a new hearing on Atanasio's restitution challenge.

¶ 3 The instant case arose out of an altercation which occurred on February 15, 2008, in which Atanasio was alleged to have punched Heather Souder in the face as she attempted to help her uncle, Donald Eisenhart, who was also being attacked by Atanasio. On April 4, 2008, Atanasio was charged with two counts each of simple assault [1] and harassment, [2] in addition to one count of aggravated assault. [3] Thereafter, on January 5, 2009, Atanasio entered a no contest plea to one count of simple assault, and plead guilty to another count of simple assault. [4] The section of the plea agreement entitled "Terms of plea agreement, if any" indicated, *inter alia*, that Atanasio "will request restitution hearing." Guilty/Nolo Contendere Plea Form, 12/15/08.

¶ 4 On February 27, 2009, Snyder County Victim Witness Coordinator Kelly Heeter filed a Restitution Memo which stated that restitution in the amount of $2,860.11 was due to the Victim's Compensation Assistance Fund. During sentencing, the district attorney advised the trial court that additional restitution was owed, [5] for a total restitution of $2,968.51. *See N.T.*, Sentencing, 3/10/09, at 3. Thereafter, the trial

court sentenced Atanasio to a term of no less than nine months nor more than two years imprisonment. Atanasio was additionally ordered to pay restitution to the Victim's Compensation Assistance Fund in the amount of $2,968.51.

¶ 5 On March 17, 2009, Atanasio filed a Motion to Modify Sentence. In the motion, Atanasio alleged that the victim, Heather Souder, had first sought medical attention three days following the assault, on February 18, 2007, for what was diagnosed as broken foot/ankle due to an unknown mechanism of injury. Motion to Modify Sentence, 03/17/09. Atanasio argued that the "Victim Compensation Board provided compensation to Souder without any establishment that her [ankle] injury was caused by a punch to the face," and thus requested the court amend and reduce its order of restitution. *Id.* Following a hearing held on April 7, 2009, the trial court denied Atanasio's Motion to Modify Sentence. This timely appeal followed.

¶ 6 On appeal, Atanasio raises the following question for our review:

> Whether the trial court erred in failing to require the Commonwealth to present evidence and placing the burden of proof upon the defendant to rebut the asserted restitution for medical expenses of the victim who was punched once in the face and sought treatment for a broken ankle three days later?

Appellant's Brief, at 4. [6]

 ¶ 7 In the context of criminal proceedings, an order of "restitution is not

1. 18 Pa. Cons.Stat.Ann § 2701(a)(1).

2. 18 Pa. Cons.Stat.Ann. § 2709(a)(1).

3. 18 Pa Cons.Stat.Ann. § 2702(a)(1).

4. There is no question that although the law requires that we find in favor of Atanasio, his conduct, established by way of his plea, was reprehensible.

5. The increased restitution amount was sought because the Victim's Assistance Compensation Fund had since extended an additional $108.40 to the victim, Donald Eisenhart, for new glasses. N.T., Sentencing, 03/10/09, at 3.

6. We note with extreme displeasure the Commonwealth's failure to either file a brief in response to the instant appeal or to otherwise inform this Court that it did not intend to file

simply an award of damages, but, rather, a sentence." *Commonwealth v. C.L.*, 963 A.2d 489, 494 (Pa.Super.2008) (citation omitted). An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. *Commonwealth v. Redman*, 864 A.2d 566, 569 (Pa.Super.2004), *appeal denied*, 583 Pa. 661, 875 A.2d 1074 (2005). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Commonwealth v. Hughes*, 986 A.2d 159, 160 (Pa.Super.2009) (citation omitted).

¶ 8 Herein, Atanasio argues that the Commonwealth failed to provide adequate evidence to support its assertion of restitution—to wit, that the Commonwealth failed to prove the causal relationship between the victim's broken ankle and the punch Atanasio delivered to the victim's face which resulted in his *nolo contendere* plea to simple assault. Appellant's Brief, at 9. Atanasio further argues that when the trial court denied his Motion to Modify Sentence, it impermissibly shifted the burden of proving the Commonwealth's assertion of restitution. *Id.*

¶ 9 The statute governing "Restitution for injuries to person or property" provides, in pertinent part:

**(c) Mandatory restitution.-**

. . .

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution . . . and such other matters as it deems appropriate.

18 PA. CONS.STAT.ANN. § 1106(c)(2)(i).

 ¶ 10 It is the Commonwealth's burden of proving its entitlement to restitution. *Commonwealth v. Boone*, 862 A.2d 639, 643 (Pa.Super.2004) (stating that the amount of restitution must be supported by the record). When fashioning an order of restitution, the lower court must ensure that the record contains the factual basis for the appropriate amount of restitution. *Commonwealth v. Pleger*, 934 A.2d 715, 720 (Pa.Super.2007). The dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. *Id.* The amount of the restitution award may not be excessive or speculative. *Commonwealth v. Rush*, 909 A.2d 805, 810 (Pa.Super.2006), *reargument denied.* It is well-settled that "[a]lthough it is mandatory under section 1106(c) to award full restitution, it is still necessary that the amount of the 'full restitution' be determined under the adversarial system with considerations of due process." *Commonwealth v. Ortiz*, 854 A.2d 1280, 1282 (Pa.Super.2004).

¶ 11 As noted above, the trial court conducted a hearing on Atanasio's Motion to Modify Sentence, at which the victim, Heather Souder, did not appear. N.T.,

a response to the argument raised in Atanasio's brief. We are therefore constrained to remind the Commonwealth that an appellee is required to file a brief that at minimum must contain "a summary of argument and the complete argument for the appellee." *Commonwealth v. Pappas*, 845 A.2d 829, 835 (Pa.Super.2004) (*citing* Pa.R.A.P. 2112), *appeal denied*, 580 Pa. 712, 862 A.2d 1254 (2004). We therefore find the Commonwealth's failure to file a brief unacceptable. As such, we must accept as undisputed the statement of questions involved and the statement of the case as presented by appellant, and we look to the opinion of the trial court and the record to determine the validity of appellant's claims. *Id.*, 845 A.2d at 835 (citations omitted).

Modification Hearing, 04/07/09, at 3. Although the Commonwealth produced no evidence to rebut Atanasio's claim that the restitution order for the victim's injuries bore no causal connection between the losses sustained and Atanasio's role in the assault, the trial court summarily denied Atanasio's motion. In so doing, the court stated:

> There is a court order that the Defendant is contending is not based in fact, and yet *the Defendant produces no facts to show that the Court order is not based on fact.* Defendant has not persuaded the Court in any way.

*Id.* at 4 (emphasis added).

 ¶ 12 Based on the transcript of the modification hearing as noted above, we agree that the trial court effectively placed the burden of proving the amount of the restitution order on Atanasio. We recognize that although the trial court relied on the amount stated in the Restitution Memo filed by the Victim Witness Coordinator at the time of sentencing, the Commonwealth offered no evidence at the Modification Hearing in support of its restitution order or to rebut the allegations raised in Atanasio's motion for modification.[7] Clearly, when the trial court demanded Atanasio provide evidence in support of his challenge, and did not account for the Commonwealth's failure to provide any evidence in support of its suggestion of restitution, the court impermissibly shifted the Commonwealth's burden of proving an entitlement to restitution. In so doing, the court deprived Atanasio of due process.

¶ 13 Accordingly, we are constrained to vacate the judgment of sentence insofar as it pertains to restitution only, and remand for a hearing dedicated to the appropriateness of the Commonwealth's recommendation of restitution and Atanasio's challenge thereto. We affirm Atanasio's judgment of sentence in all other aspects.

¶ 14 Judgment of sentence affirmed in part, and vacated in part. Remanded for further proceedings. Jurisdiction relinquished.

---

7. We also reviewed the transcript of the plea hearing, and there is absolutely no evidence of any connection between Atanasio's conduct and the victim's alleged injury to her ankle. Although the Assistant District Attorney did note during the modification hearing that the affidavit of probable cause attached to the presentence investigation report indicated that Souder sustained her ankle injury as a result of the assault by Atanasio, no evidence or testimony was entered into the record to establish the nature or extent of Souder's injury or a causal connection to Atanasio's assault.