J-S34023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| COREY MICHAEL WEAVER KISTNER | |
| Appellant | No. 1795 MDA 2014 |

Appeal from the Judgment of Sentence October 21, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001221-2014

BEFORE:  BOWES, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                   **FILED AUGUST 07, 2015**

Corey Michael Weaver Kistner[1] appeals from the judgment of sentence entered on October 21, 2014, in the Court of Common Pleas of York County, following his negotiated guilty plea to one count each of theft by unlawful taking, and forgery.[2]  The plea agreement included the requirement that Weaver Kistner pay restitution, but the exact amount was not fixed.  The trial court ultimately ordered restitution of $25,000.[3]  In this timely appeal, Weaver Kistner claims the amount of restitution ordered by the court is

---

[1] Appellant's name also appears in the record as "Weaver-Kistner".

[2] 18 Pa.C.S. §§ 3921(a) and 4102(a)(2), respectively.

[3] At sentencing, the trial court ordered restitution of $31,244.50.  Following a hearing on Weaver Kistner's motion challenging restitution, the court reduced restitution to $25,000.

unsupported by independent facts. Based on the submissions by the parties, certified record, and relevant law, we affirm.

The facts of the record establish that Weaver Kistner worked as a parts sales manager for AutoZone between May 1, 2013 and January 28, 2014. On January 28, 2014, AutoZone's district manager, Lester Stanley, and AutoZone investigator, Robert Brito, interviewed Weaver Kistner while he was still employed by AutoZone. During this interview, Weaver Kistner admitted that he had been making fraudulent returns of merchandise that he estimated totaled about $25,000. N.T., 10/21/2014 at 7. He also stated he made fraudulent returns during a seven to eight month period, two to three times a week. Weaver Kistner estimated each return to be worth approximately $500.[4] *Id.* at 9. Subsequently, following instructions by Brito, Weaver Kistner used a scan gun to identify items fraudulently returned and the total amount scanned was $31,244.50. *Id.* at 11. After the interview concluded, Weaver Kistner was arrested. When the police asked about the value of the returns, he told them the value was between $5,000 and $10,000. *Id.* at 25.[5]

---

[4] Our calculations provided a range between $28,000, multiplying $1,000 per week for twenty-eight weeks, and $48,000, multiplying $1,500 per week for thirty-two weeks. *See also* N.T., 10/12/2014 (calculating $32,000-$48,000 based on 8 months).

[5] Accordingly, evidence produced at the October 21, 2014, hearing provided the trial court with four estimates of the values of the fraudulent returns: 1)
*(Footnote Continued Next Page)*

Following sentencing on August 28, 2014, Weaver Kistner filed a motion for a restitution hearing to determine the accurate amount of restitution owed.[6]   At the hearing on October 21, 2014, the trial judge ordered restitution of $25,000.   Trial Court Pa.R.A.P. 1925(a) Opinion, 1/25/2014, at 3-4.

Weaver Kistner filed a timely notice of appeal.  His sole claim is that the evidence at the restitution hearing was insufficient as a matter of law to support the trial court's restitution award of $25,000.  Defendant's Brief, at 9 (capitalization omitted).

We address Weaver Kistner's restitution claim mindful of the following.

> In the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence.  An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.

*(Footnote Continued)* ———————————

$25,000, 2) between $28,000 and $48,000, 3) $31,244.50, and 4) between $5,000 and $10,000.

[6] At the August 28, 2014, sentencing hearing, Weaver Kistner informed the court of his intent to request a restitution hearing.  The Commonwealth did not oppose.  Weaver Kistner agreed that restitution was owed and told the court if the restitution amount exceeded the anticipated $31,000 "then restitution is what it is, and [Weaver Kistner] will pay it."  N.T. 08/28/2014 at 3.

*Commonwealth v. Stradley*, 50 A.3d 769, 771-772 (Pa. Super. 2012) (citations and quotations omitted).

Both the Sentencing Code and the Crimes Code govern the imposition of restitution. "The court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained." 42 Pa.C.S. § 9721(c). Additionally, 18 Pa.C.S. § 1106 directs that:

Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

*See* 18 Pa.C.S. § 1106(a).

The amount that constitutes the "full restitution" must be determined by the trial court, under the adversarial system with considerations of due process. *See Commonwealth v. Ortiz*, 854 A.2d 1280, 1282 (Pa. Super. 2004). Further, "it is the Commonwealth's burden of proving its entitlement to restitution … the lower court must ensure that the record contains the factual basis for the appropriate amount of restitution." *See Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010) (citation omitted). The restitution award may not be excessive or speculative. *Id.*

The trial court reasoned that "[a]fter the evidence was presented, and after hearing argument by counsel, the … proper amount of restitution is $25,000, based on [Weaver Kistner's] own belief that that is the amount of

- 4 -

merchandise that he stole, as indicated in his statement provided to AutoZone. There is no credible reason to believe that anything [Weaver Kistner] said in that interview was false or inaccurate." **See** Trial Court Opinion, at 3-4 (record citation omitted).

In arriving at the $25,000 figure, the trial court weighed the evidence of loss presented by each party and considered several amounts regarding the valuation of the fraudulent returns. While Weaver Kistner currently claims that the accurate amount of the returns is between $5,000 and $10,000, as he told police, Stanley testified that Weaver Kistner admitted to making $25,000 worth of fraudulent returns. Further, the trial court deemed Stanley credible when he testified that $25,000 more accurately represented the amount taken by Weaver Kistner, than the scan sheet amount. Lastly, $25,000 is below the lowest end of Weaver Kistner's range of estimates of $500 per return. Therefore, based upon Stanley's testimony and Weaver Kistner's interview statement, the trial court had sufficient grounds to reject Weaver Kistner's wholly self-serving low estimate and to determine the proper amount of restitution was $25,000.

In **Commonwealth v. Rush**, 909 A.2d 805 (Pa. Super. 2006), "the victim's testimony, as to the value of the stolen property, supported restitution in the amount at issue. In accepting victim's testimony as credible, the court determined, and [the defendant] confirmed, that the loss suffered by the victim was attributable to the conduct on the part of the [defendant]." **Id.** at 810 (citations omitted). Similar to **Rush**, the trial

court credited Stanley's testimony in estimating the actual loss to be closer to $25,000, based on Weaver Kistner's own admission. N.T., 10/21/2014 at 33. Weaver Kistner fails to proffer any authority that precludes the court from using such testimony to support its decision.

Based on the aforementioned review, we conclude that the Commonwealth presented sufficient evidence for the trial court to award restitution in the amount of $25,000. Accordingly, Weaver Kistner is entitled to no relief on this claim.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/7/2015