J-S51035-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RODNEY ROONEY, | |
| Appellant | No. 2183 EDA 2014 |

Appeal from the Judgment of Sentence June 25, 2014
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0007611-2013

BEFORE:  GANTMAN, P.J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED AUGUST 25, 2015**

Appellant, Rodney Rooney, appeals from the judgment of sentence imposed following his bench conviction of theft by unlawful taking or disposition of movable property.[1]  Appellant challenges the sufficiency of the evidence and the trial court's sentence of restitution.[2]   We affirm the judgment of sentence in part and vacate in part.

The relevant factual and procedural history of this case is as follows. In December 2011, the victim, Erica Schiff (Schiff), moved into a rental

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3921(a).

[2] An award of restitution is a sentence.  **See** 18 Pa.C.S.A. § 1106(a); **see also Commonwealth v. Veon**, 109 A.3d 754, 762 (Pa. Super. 2015).

home in Philadelphia advertised on Craigslist by Appellant, who represented that he was the landlord.[3] Schiff rented a private bedroom on the second floor on a month-to-month basis for $550.00 per month, pursuant to an oral agreement with Appellant. Three other females rented bedrooms in the house. Although Appellant initially stated that he would check on the house periodically, Schiff and her roommates noticed that he was at the house constantly, and it appeared that he lived in the basement.

On January 3, 2013, Schiff returned home to find that the lock on the front door had been replaced with an electronic lock. She was unable to get into the home or reach Appellant by phone, email, or by banging on the door and basement window. Schiff called the police and Appellant opened the door and let her in when they arrived. After this incident, Schiff called the police on multiple occasions because Appellant repeatedly changed the electronic passcode, locking her out. On the advice of police, she installed her own deadbolt lock on her bedroom door. On January 23, 2013, Schiff called police because there was no hot water or utilities, and a new male tenant had moved into the house without her prior knowledge.

On February 6, 2013, Schiff arrived at the home and discovered that various items she stored in the basement were missing. The items included handmade costumes, sewing machines, computers, vintage guitars, and

---

[3] Appellant testified that he leased the property and the owner permitted him to sublease it. (**See** N.T. Trial, 4/28/14, at 51-52).

musical equipment.[4]  Schiff and her friend, Tim Seinfield, also found that the key to the deadbolt on her bedroom door did not work.  When Seinfield indicated that he would kick down the bedroom door, Appellant came upstairs with a camera and warned them not to do so because it was not their property.  When Schiff returned to the house the next day to retrieve her belongings and move out, she contacted the police again because the lock on the front door had been changed.  Police observed pry marks on Schiff's bedroom door and they remained at the scene while she packed her belongings.  Her bedroom had been ransacked and certain items, including her bed, desk, and electronics, had been taken from the room.  At that time, no one was living in the house except Appellant and Schiff.

Schiff notified the property management company of the theft.  In response, Appellant sent her an email advising that she had abandoned the property on January 30, 2013, and that he, as landlord, was authorized to remove her possessions within ten days of that date.  Appellant subsequently was arrested.

On April 28, 2014, the case proceeded to a bench trial, and the court found Appellant guilty of the above-stated offense.  On June 25, 2014, the

_____

[4] Schiff is in the music and entertainment industry and she used many of these items for work.  (*See* N.T. Sentencing Hearing, 6/25/14, at 7; N.T. Trial, 4/28/14, at 28).

court sentenced him to five years' reporting probation and ordered him to pay $17,000.00 in restitution. This timely appeal followed.[5]

Appellant raises the following questions for our review:

I.    Whether the verdict was contrary to law as based on insufficient evidence[?]

II.   Whether the [trial] court erred in awarding restitution[?]

(Appellant's Brief, at 7).

In his first issue, Appellant challenges the sufficiency of the evidence to support his theft conviction.[6] (**See** Appellant's Brief, at 12-13). He argues that there was no evidence demonstrating that he removed Schiff's property from her bedroom or the basement, where there were multiple tenants living at the property and she did not witness him take the items. (**See id.** at 13). This issue lacks merit.

Our standard of review is well-settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to

---

[5] Pursuant to the trial court's order, Appellant filed a concise statement of errors complained of on appeal on December 12, 2014. **See** Pa.R.A.P. 1925(b). The trial court filed an opinion on December 23, 2014. **See** Pa.R.A.P. 1925(a).

[6] Appellant also states that he challenges the evidence supporting his receiving stolen property conviction. (**See** Appellant's Brief, at 12). However, the trial court found him not guilty of this offense. (**See** Criminal Docket, at 3; N.T. Trial, 4/28/14, at 72).

enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [finder] of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

Further, in viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the court must give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014) (citations omitted).

A defendant is guilty of theft by unlawful taking of movable property "if he unlawfully takes, or exercises unlawful control over, moveable property of another with intent to deprive him thereof." 18 Pa.C.S.A. § 3921(a). "Proof of Theft by Unlawful Taking requires three elements: (1) unlawful taking or unlawful control over movable property; (2) movable property belongs to another; and (3) intent to deprive (permanently)."

*Commonwealth v. Young*, 35 A.3d 54, 62 (Pa. Super. 2011), *appeal denied*, 48 A.3d 1249 (Pa. 2012) (citations omitted).

Here, the evidence established that Appellant continuously resided at the house and that he repeatedly changed the locks, denying Schiff access to it and her belongings. (*See* N.T. Trial, 4/28/14, at 14-15, 17-18, 20, 25, 27, 49). Although multiple tenants initially rented the bedrooms, Appellant and Schiff were the only individuals residing at the property when Schiff's belongings were taken. (*See id.* at 10, 14, 27). When Schiff reported the theft to the property management company, Appellant notified her via email that "he had every right to remove [her] possessions" as landlord because she had "abandoned" the house. (*Id.* at 27; *see id.* at 28-29).

Based on the foregoing, viewing the evidence in the light most favorable to the Commonwealth, *see Harden*, *supra* 111, we determine that the trial court properly found that the evidence is sufficient to sustain Appellant's conviction for theft by unlawful taking. Specifically, we conclude that the evidence established that Appellant unlawfully took Schiff's property with the intent to deprive her of it permanently. *See Young*, *supra* at 62. Accordingly, Appellant's first claim does not merit relief.

In his second issue, Appellant argues that the trial court's sentence of $17,000.00 in restitution was speculative and not supported by the record. (*See* Appellant's Brief, at 14-15). After review of the record, we are constrained to agree.

Preliminarily, we note "[a]n appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing." *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010) (citation omitted). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." *Id.* (citation omitted).

Section 1106 of the Crimes Code mandates that restitution be paid "[u]pon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained. . . ." 18 Pa.C.S.A. § 1106(a). The court must order full restitution "[r]egardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss." *Id.* at § 1106(c)(1)(i).

> A court must be guided by the following when computing restitution:
>
> > Although restitution does not seek, by its essential nature, the compensation of the victim, the dollar value of the injury suffered by the victim as a result of the crime assists the court in calculating the appropriate amount of restitution. A restitution award must not exceed the victim's losses. A sentencing court must consider the victim's injuries, the victim's request as presented by the district attorney and such other matters as the court deems appropriate. **The court must also ensure that the record contains the factual basis for the appropriate amount of restitution. In that way, the record will support the sentence**.

*Veon*, *supra* at 772 (citation omitted) (emphasis added).

Additionally,

> [i]t is the Commonwealth's burden of proving its entitlement to restitution. . . . The amount of the restitution award may not be excessive or speculative. It is well-settled that [a]lthough it is mandatory under section 1106(c) to award full restitution, it is still necessary that the amount of the full restitution be determined under the adversarial system with considerations of due process.

*Atanasio*, *supra* at 1183 (Pa. Super. 2010) (quotation marks and case citations omitted).

Here, the trial court conducted a sentencing hearing at which the Commonwealth advised that, immediately after the theft, Schiff provided an inventory list for the missing items, with the value totaling $46,000.00. (*See* N.T. Sentencing, 6/25/14, at 4). The Commonwealth then asked her to assign a current market value to each item using the internet, and it adjusted the total value downward to $31,000.00. (*See id.* at 4). Defense counsel noted that the victim had not provided any non-speculative documentary proof of the value of the items, in the form of receipts, tax returns, or credit card statements. (*See id.* at 4-6). The court, without providing any explanation as to how it computed the amount, ordered Appellant to pay $17,000.00 in restitution. (*See id.* at 9). In its Rule 1925(a) opinion, the court likewise did not explain how it decided on the specific award of $17,000.00. (*See* Trial Court Opinion, 12/23/14, at 13).[7]

---

[7] The Commonwealth concedes that "[i]t is not entirely clear on this limited record how the court decided on $17,000." (Commonwealth's Brief, at 20).

After review, we are constrained to agree with Appellant that the trial court's sentence of $17,000.00 in restitution is speculative and not supported by the record. *See Veon*, *supra* at 772; *Atanasio*, *supra* at 1183. Accordingly, we vacate the judgment of sentence insofar as it pertains to restitution only, and remand for a hearing to determine an amount of restitution consistent with the evidence. We affirm Appellant's judgment of sentence in all other aspects.

Judgment of sentence affirmed in part and vacated in part. Case remanded for further restitution proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>8/25/2015</u>