J-S58038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JANET NICOLE GREINER | : | |
| | : | |
| Appellant | : | No. 790 WDA 2019 |

Appeal from the Judgment of Sentence Entered January 10, 2019
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0000162-2018

BEFORE: PANELLA, P.J., BENDER, P.J.E., and DUBOW, J.

MEMORANDUM BY DUBOW, J.: **FILED JANUARY 08, 2020**

Appellant, Janet Nicole Greiner, appeals from the January 10, 2019 Judgment of Sentence entered in the Butler County Court of Common Pleas following her negotiated guilty plea to one count each of Criminal Conspiracy—Theft by Unlawful Taking and Criminal Conspiracy—Robbery.[1] On appeal, Appellant challenges the amount of restitution the court ordered her to pay to the victim. After careful review, we affirm.

The facts and procedural history are, briefly as follows. On December 2, 2017, at approximately 6:22 AM, Michael Karch and David Boggs rang the doorbell at the home of the victim, Robert Patterson (the "Victim"). The Victim answered the door. Karch and Boggs forced their way into the Victim's home, while Brandon Wissinger and Appellant waited outside in a truck. Karch and

_____

[1] 18 Pa.C.S. §§ 903—3921(a), and 18 Pa.C.S. §§ 903—3701(a)(1)(iv), respectively.

Boggs hit the Victim over the head twice with a gun and beat him for fifty minutes before tying him up. They then took a number of items from the home, including handguns, jewelry, cash, two key fobs for a rental vehicle, and coins. They fled in the waiting truck.

The Commonwealth initially charged Appellant with seven counts of Conspiracy and one count of Receiving Stolen Property. Ultimately, on January 10, 2019, Appellant entered negotiated guilty pleas to two counts of Criminal Conspiracy. Relevantly, Appellant's agreement required Appellant to pay restitution to the Victim.[2] Accordingly, the trial court entered a Restitution Order directing Appellant to pay $15,779 to the Victim and $4,774.80 to the Victim Compensation Assistance Program.

Appellant filed a Post-Sentence Motion in which she challenged the restitution amounts ordered. On April 10, 2019, the trial court held a hearing on Appellant's Motion at which the Victim testified about the value of the items stolen by Appellant. Appellant's counsel cross-examined the Victim. Appellant did not present any evidence. Following the hearing, the trial court reduced the amount of restitution payable to the Victim to $15,429.

_____

[2] The court also sentenced Appellant to an aggregate term of six to twenty-four months' incarceration followed by forty-eight months' probation.

This timely appeal followed.[3]  Appellant raises the following issue on appeal:

> [] Whether the [t]rial [c]ourt erred or abused its discretion when it established the restitution amount owed by Appellant on April 23, 2019, following a restitution hearing?

Appellant's Brief at 7.

Appellant argues in support of this claim that the amount of restitution set by the trial court and payable to the Victim to compensate him for his loss was not supported by sufficient evidence.[4]  Appellant's Brief at 10-16.  In particular, she asserts that the trial court erred in relying solely on the Victim's testimony, without any supporting documentation, about the value of the items stolen.  *Id.* at 11.  She also claims that the amount set by the court was excessive, and constituted "double dipping," because the court made "no effort . . . to reduce these claims by the amounts reimbursed by [the Victim's] insurance company."  *Id.*

We note our well-settled standard of review.  In the context of criminal proceedings, an order of "restitution is not simply an award of damages, but, rather, a sentence."  *Commonwealth v. Atanasio*, 997 A.2d 1181, 1182–83 (Pa. Super. 2010) (citation omitted).  "An appeal from an order of

---

[3] Appellant complied with the trial court's Order to file a Pa.R.A.P. 1925(b) Statement.  The trial court did not file an Opinion pursuant to Pa.R.A.P. 1925(a), and instead relied on its Memorandum Opinion and Order dated April 23, 2019, addressing Appellant's Post-Sentence Motion.

[4] Appellant does not contest the amount of the restitution awarded to the Pennsylvania Victim Compensation Fund.

restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing." *Commonwealth v. Stradley*, 50 A.3d 769, 771-72 (Pa. Super. 2012).

The imposition of restitution is statutorily set forth at 18 Pa.C.S. § 1106, which provides in pertinent part:

§ 1106. Restitution for injuries to person or property

(a) General rule––Upon conviction for any crime wherein [] property . . . has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime; or [wherein] the victim . . . suffered personal injury directly resulting from the crime, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S § 1106(a).

"Because restitution is a sentence, the amount ordered must be supported by the record; it may not be speculative or excessive." *Commonwealth v. Poplawski*, 158 A.3d 671, 674 (Pa. Super. 2017) (citation omitted). The Commonwealth has the burden of proving entitlement to restitution. *Atanasio*, 997 A.2d at 1183. The trial court is responsible for ensuring that the "record contains the factual basis for the appropriate amount of restitution." *Id.*

In its Memorandum Opinion and Order of Court, the trial court summarized the Victim's testimony regarding the losses he suffered as a result of Appellant's crime. In particular, the court noted the Victim's testimony that Appellant, Karch, Boggs, and Wissinger stole thirteen weapons from him,

twelve of which were worth approximately $7,125 in total.[5]  Trial Ct. Op., 4/23/19, at 1-2 (unpaginated).  The Victim also testified that his insurance might cover twenty percent of the loss sustained.  *Id.* at 2 (unpaginated).

With respect to the stolen jewelry, the Victim testified that its total value was between $7,780 and $10,780.[6]  *Id.*  The Victim further testified that Appellant and her co-conspirators stole $550 in cash, and, after paying his $500 deductible, he received $50 from his insurance company for that loss.  *Id.*  The Victim testified that the stolen key fobs had a replacement cost of $224 and that he lost approximately $225 in coins.  *Id.*  Last, the Victim testified that he had to hire a cleaning service to remove the bloodstains that resulted from the attack by Appellant and her co-conspirators.  *Id.*

Based on the testimony presented at the hearing, the trial court concluded that the victim's unreimbursed losses might have been as much as $17,429.  *Id.* at 3 (unpaginated).  Given that Appellant's insurance company might reimburse him for twenty percent of the value of the stolen weapons, however, the trial court concluded that the record supported its finding that the Victim had unreimbursed losses of $15,429.  *Id.*

---

[5] The Victim was unable to remember the model or value of the thirteenth stolen handgun.  Trial Ct. Op., 4/23/19, at 2 (unpaginated).

[6] The Victim acknowledged, for example, that the value of a diamond engagement ring stolen by Appellant and her co-conspirators had an appraised value of $5,000 to $8,000.  Trial Ct. Op., 4/23/19, at 2 (unpaginated).

Following our review of the record, we agree with the trial court that the Victim's testimony supports the trial court's assessed restitution amount and undermines Appellant's bald claim that the trial court made "no effort" to account for reimbursements to the Victim by his insurance company.  The trial court properly considered the evidence offered by the Victim, including the Victim's reimbursement by his insurance company, and fashioned an award supported by the record.[7]

Judgment of Sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2020

_____

[7] Moreover, we note that Appellant has not cited to any authority in support of her argument that the trial court erred when it relied exclusively on the Victim's testimony, without any supporting documentation.  Appellant has, therefore, waived this argument and we decline to address it.  **See Commonwealth v. Wilson**, 147 A.3d 7, 14 (Pa. Super. 2016) (concluding that an appellant waives his issue on appeal if he fails to present the claim with citations to relevant authority or develop the issue in a meaningful fashion capable of review).