**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KAITLYN MICHELLE YOUMANS | : | |
| | : | |
| Appellant | : | No. 2748 EDA 2022 |

Appeal from the Judgment of Sentence Entered May 23, 2022
In the Court of Common Pleas of Carbon County Criminal Division at
No(s):  CP-13-CR-0000946-2020

BEFORE:  DUBOW, J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 4, 2023**

Appellant, Kaitlyn Michelle Youmans, appeals from the May 23, 2022 Judgment of Sentence of 12 months of supervised probation and restitution entered in the Carbon County Court of Common Pleas following her guilty plea to Disorderly Conduct.[1]  Following this Court's consideration of counsel's Petition to Withdraw as Counsel and **Anders**[2] Brief, we denied counsel's Petition to Withdraw and remanded for counsel to file an advocate's brief limited to Appellant's challenge to her sentence of restitution.  Counsel has complied with our directive, and we proceed to consider the propriety of the court's imposition of a restitution sentence.

---

[1] 18 Pa.C.S. § 5503(a)(4).

[2] **Anders v. California**, 386 U.S. 738 (1967).

As the parties are familiar with the facts and procedural history, we need not restate them in detail here. Briefly, on May 23, 2022, Appellant appeared for a hearing to plead guilty to Disorderly Conduct. At the hearing, the trial court confirmed that Appellant had knowingly, intelligently, and voluntarily completed a guilty plea colloquy form. The court also conducted an oral guilty plea colloquy and, satisfied that Appellant was entering the plea knowingly, intelligently, and voluntarily, the court accepted her plea. The Commonwealth informed the court that Appellant's victim, Deric Tomasovich, sought $1,716 in restitution for lost wages. Appellant disputed Mr. Tomasovich's entitlement to restitution, stating as follows:

> [N]ot for nothing I was married to Mr. Tomasovich for four years. He didn't work in that entire almost four years we were married. He refused to pay child support when child was in my care because he claimed he was unemployed so now he is magically claiming he was fired from a job because of my actions. He didn't have a steady work history to begin with. I was the sole financial provider.

N.T. Guilty Plea Hr'g, 5/23/22, at 7-8.

Because Appellant did not agree to the Commonwealth's request for restitution,[3] the court informed Appellant that it could either schedule a restitution hearing for another day and defer sentencing until after the restitution hearing or impose her custodial and restitution sentences that day,

_____

[3] The trial court later characterized Appellant's objection as a challenge to the amount of the restitution rather than to Mr. Tomasovich's entitlement to it. N.T. Guilty Plea Hr'g, 5/23/22, at 8. It is clear from our review of the notes of testimony that Appellant's initial objection was to the court's authority to impose restitution in light of Appellant's belief that Mr. Tomasovich was not entitled to it.

and she could file a post-sentence motion challenging the award of restitution. Appellant consulted with her counsel, informed the court that she wished to be sentenced that day, and stated "[i]f you want to file a post-trial motion, Mr. Wiltrout, I'd appreciate that." *Id.* at 9.

The court then sentenced Appellant to serve 12 months of probation to run concurrently to a Schuylkill County sentence that she was already serving and to pay $1,716 in restitution to Mr. Tomasovich. Appellant did not file a post-sentence motion.

Appellant timely appealed. On March 23, 2023, this Court filed a memorandum opinion agreeing with counsel that Appellant's challenges to venue in Carbon County, the voluntariness of her plea, and her claim that she was immune from prosecution, were frivolous. Appellant also challenged the imposition of a sentence of restitution. Because we disagreed with counsel that this issue was frivolous, we remanded for counsel to file an advocate's brief.

In her Advocate's Brief, Appellant asserts that she is "not responsible for the restitution granted to Deric Tomasovich." Appellant's Advocate's Brief at 3.

The Commonwealth bears the burden of proving entitlement to restitution. *Commonwealth v. Atanasio*, 997 A.2d 1181, 1183 (Pa. Super. 2010). A claim that the imposition of restitution is unsupported by the record challenges the legality of a defendant's sentence. *Commonwealth v. Hunt*,

220 A.3d 582, 585 (Pa. Super. 2019). Our standard of review is, therefore, *de novo*, and our scope of review is plenary. ***Id.***

The record must support the amount of restitution ordered. ***Commonwealth v. Boone***, 862 A.2d 639, 643 (Pa. Super. 2004). "When fashioning an order of restitution, the lower court must ensure that the record contains the factual basis for the appropriate amount of restitution." ***Atanasio***, 997 A.2d at 1183.

As explained above, at the guilty plea hearing the Commonwealth requested the court award restitution to Mr. Tomasovich, Appellant's victim. Appellant disputed the appropriateness of an award of restitution in light of Mr. Tomasovich's alleged inconsistent work history and the speciousness of his lost wages claim. Nevertheless, the trial court directed Appellant to pay $1,716 in restitution to Mr. Tomasovich "based on information received from the victim and submitted by the Commonwealth during the sentencing hearing." Trial Ct. Op., 8/22/22, at 9. The trial court did so without first holding a hearing to obtain testimony from Mr. Tomasovich or documentary evidence supporting the Commonwealth's restitution request. In the absence of such evidence, we conclude that the record lacks the requisite factual basis to support the restitution award to Mr. Tomasovich. We, thus, vacate the restitution portion of Appellant's sentence and remand for a hearing on restitution.

Restitution sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge King joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/04/2023