J-S45033-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                       :               PENNSYLVANIA
                                         :
                v.                    :
                                         :
                                       :
ROBERT DAVID RAMPOLLA      :
                                       :
           Appellant         :   No. 1090 MDA 2024

Appeal from the Judgment of Sentence Entered July 1, 2024
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0000382-2011

BEFORE: OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:         **FILED MARCH 14, 2025**

Robert David Rampolla appeals from the judgment of sentence imposed following revocation of his probation and resentencing. He maintains the court's imposition of a 12-month period of reentry supervision pursuant to 61 Pa.C.S.A § 6137.2 is an unconstitutional *ex post facto* punishment. We agree and vacate that part of his sentence. The remaining parts of his sentence are affirmed.

On August 2, 2013, Rampolla pleaded guilty to rape, aggravated indecent assault, involuntary deviate sexual intercourse, unlawful restraint, simple assault, open lewdness, indecent assault, and indecent exposure.[1] These crimes occurred in Lancaster County on November 20, 2010. Rampolla

---

[1] 18 Pa.C.S.A. §§ 3121, 3125, 3123(a), 2902, 2701(a)(2), 5901, 3126(a)(2), and 3127(b), respectively.

was sentenced to five to 10 years' incarceration, followed by 10 years' probation.

While he was on probation, Rampolla was charged with sexual offenses in Berks County that occurred on March 22, 2021. Rampolla pleaded guilty to those charges, and was sentenced to six to 15 years' incarceration, followed by three years' probation.

A violation of probation hearing was scheduled in Lancaster County for February 2, 2024, but was continued to March 4, 2024. At the March 4, 2024 hearing, Rampolla stipulated to being in violation of his probation based on his offenses in Berks County. N.T., 3/4/24, at 2. Sentencing was deferred and a presentence investigation report was ordered. On July 1, 2024, the court sentenced Rampolla to an aggregate sentence of five to 10 years' incarceration, to be served consecutive to the Berks County sentence. N.T., 7/1/24, at 20-21. The Commonwealth requested a one-year reentry supervision probation tail pursuant to 61 Pa.C.S.A § 6137.2, and the court imposed it. *Id.* at 22. This appeal followed.

Rampolla raises the following issue: "Did the trial court illegally impose a [12]-month consecutive sentence of reentry supervision pursuant to 61 Pa.C.S.[A.] § 6137.2, where this sentence was a violation of the *ex post facto* provisions of the United States Constitution and the Constitution of the Commonwealth of Pennsylvania?" Rampolla's Br. at 5.

Rampolla argues the court erred in imposing a period of reentry supervision as part of his sentence. He asserts that because his crimes and

original imposition of sentence occurred prior to the effective date of Section 6137.2, imposition of the reentry requirement violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions. Rampolla maintains the portion of the sentencing order providing a 12-month reentry supervision is an illegal sentence, and this Court must vacate that portion of the sentence. We agree.

"[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." **Commonwealth v. Atanasio**, 997 A.2d 1181, 1183 (Pa.Super. 2010) (citation omitted) (alteration in original).

"Article I, Section 17 of the Pennsylvania Constitution prohibits the enactment of any *ex post facto* law." **Commonwealth v. Carey**, 249 A.3d 1217, 1228 (Pa.Super. 2021). "A criminal law is deemed *ex post facto* if two critical elements are met: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." ***Id.*** (citation and internal quotation marks omitted). "[C]entral to the *ex post facto* prohibition is a concern for the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated." **Commonwealth v. McGarry**, 172 A.3d 60, 68 (Pa.Super. 2017) (citation omitted, emphasis removed, alteration in original).

Section 6137.2, entitled "Reentry supervision," provides:

**(a) General rule.--**This section applies to persons committed to the department with an aggregate minimum sentence of total confinement under 42 Pa.C.S. § 9756(b) (relating to sentence of total confinement) of 4 years or more. Regardless of the sentence imposed, this section does not apply to persons sentenced to death, life imprisonment, persons otherwise ineligible for parole or persons subject to 42 Pa.C.S. § 9718.5 (relating to mandatory period of probation for certain sexual offenders).

(**b) Reentry supervision.--**Any person under subsection (a) shall be sentenced to a period of reentry supervision of 12 months consecutive to and in addition to any other lawful sentence issued by the court.

**(c) Parole granted.--**Persons who have been granted any period of parole by the parole board during the same period of incarceration shall be deemed to have served the requirements of this section.

**(d) Supervision.--**A person released to reentry supervision shall be considered to be released on parole.

**(e) Imposition.--**The court shall impose reentry supervision in addition to the maximum sentence permitted for the offense for which the defendant was convicted.

**(f) Applicability.--**This section shall only apply to persons sentenced after the effective date of this section.

61 Pa.C.S.A. § 6137.2. Thus, Section 6137.2 requires the court to impose a mandatory 12-month period of reentry supervision in addition to any aggregate sentence of four or more years' imprisonment. *Id.* at § 6137.2(e). The statute explicitly applies to defendants "sentenced after the effective date," which was December 18, 2019. *Id.* at § 6137.2(f).

This Court addressed the same issue raised in the present case in *Carey*. There, the trial court sentenced Carey for acts he committed in February 2019 and included a 12-month period of reentry supervision as part

of the sentence pursuant to Section 6137.2. *Carey*, 249 A.3d at 1229. On appeal, Carey argued the imposition of the reentry supervision was an unconstitutional *ex post facto* punishment as applied to him. We agreed with Carey and found that "[t]he court's imposition of a 12-month period of reentry supervision based upon Section 6137.2 constitute[d] an additional punishment for acts he committed before the December 2019 enactment of the statute." *Id.* As a result, we vacated the provision of Carey's sentence imposing a 12-month period of reentry supervision. *Id.*

Here, because Rampolla's criminal acts occurred prior to the effective date of Section 6137.2 – December 18, 2019 – the trial court imposed an illegal sentence. We note that the trial court agrees that the portion of Rampolla's sentence regarding the reentry supervision should be vacated. *See* Opinion Sur Appeal, filed 9/9/24, at 1.[2] Accordingly, we vacate the provision of Rampolla's sentence imposing a 12-month period of reentry supervision. In all other respects, we affirm.[3]

Judgment of sentence affirmed in part and vacated in part. Jurisdiction relinquished.

---

[2] The Commonwealth did not file a responsive brief in this matter but submitted a letter stating that it was relying upon the trial court's "thorough and well-reasoned Opinion Sur Appeal[.]" *See* Letter, dated 11/5/24.

[3] Since our decision does not disturb the trial court's sentencing scheme, we need not remand for resentencing. *See Carey*, 249 A.3d at 1229 n.10.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/14/2025