J-A18032-25

2025 PA Super 226

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
KEYONA C. WRIGHT :
:
Appellant : No. 2800 EDA 2023

Appeal from the Order Entered October 2, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0000588-2008

BEFORE: OLSON, J., DUBOW, J., and BECK, J.

OPINION BY DUBOW, J.: **FILED OCTOBER 3, 2025**

Appellant, Keyona C. Wright, appeals from the October 2, 2023 order entered in the Delaware County Court of Common Pleas denying, without prejudice, Appellant's motion to modify restitution. After careful review, we vacate the order and remand for further proceedings consistent with this opinion.

This case arises from Appellant's April 2008 guilty plea to one count of Forgery, relating to several counterfeit checks she cashed or attempted to cash at Bryn Mawr Trust ("Bank") branches in August 2003. On April 21, 2008, the court imposed a sentence of time served to 23 months of incarceration, followed by two years of probation, and restitution of $3,684.05 to be paid to the Bank. The court imposed the restitution as part of her sentence rather than as a condition of probation. Appellant did not appeal her judgment of sentence.

On January 16, 2015, the court revoked her probation and imposed a new two-year probationary term, which included as a "specific condition" that Appellant "make monthly payments to restitution first." **Gagnon II**[1] Judgment of Sentence, 1/16/15.

The trial court stated that "[o]n February 3, 2015, a civil judgment in the amount of $4,802.05 was entered for fines, costs[,] and restitution relating" to the instant criminal docket. Trial Ct. Op., dated 10/7/24, at 1. The record, however, includes no documentation related to that judgment other than a notation on the docket of a January 30, 2015 "Entry of Civil Judgment."

On February 14, 2017, the court found that Appellant again violated her probation and sentenced her to a new two-year term of probation, ordering her, *inter alia*, to make regular payments towards restitution as a specific condition of probation. **Gagnon II** Judgment of Sentence, 2/14/17.

Similarly, on March 1, 2019, the court sentenced Appellant to a new two-year term of probation, including as a "specific condition" that Appellant make monthly payments toward restitution and indicating that her "case may be closed" when her court costs and restitution are paid in full. **Gagnon II** Judgment of Sentence, 3/1/19. Two years later, the court imposed another two-year probationary sentence, including conditions similar to the 2019 sentence. **Gagnon II** Judgment of Sentence, 3/5/21.

---

[1] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

On April 12, 2023, in contrast to the prior *Gagnon II* hearings, the court concluded that Appellant was not in violation of her probation based on her failure to pay restitution in full because she "was otherwise compliant with the terms of her probation" and "because a [c]ivil [j]udgment was entered on January 30, 2015." Order, 4/12/23. The court expressly found that Appellant's failure to pay "was not willful conduct on her part" but rather "due to her indigence[.]" *Id.* The court terminated Appellant's supervision, stating that the "the civil judgment is hereby enforced." *Id.* (capitalization omitted). The original 2008 judgment of sentence imposing restitution as part of the sentence, however, seemingly remained intact.

In August 2023, Appellant filed a motion to modify restitution. She sought to alter or amend the order of restitution claiming that the original 2008 sentence illegally imposed restitution in favor of Bank.[2] Appellant requested that the court credit her previously paid restitution toward her costs and fees. In so doing, Appellant emphasized that the Crimes Code provided the court authority to alter the restitution order "at any time." 18 Pa.C.S. § 1106(c)(3).

_____

[2] Specifically, Appellant relied upon the decisions in *Commonwealth v. Veon*, 150 A.3d 435, 472 (Pa. 2016), holding that 18 Pa.C.S. § 1106 authorized restitution to be paid to "victims," the definition of which encompassed only human beings rather than government agencies, and *Commonwealth v. Hunt*, 220 A.3d 582, 591 (Pa. Super. 2019), which extended *Veon* to prohibit the payment of restitution to "corporate entities." In 2018, the General Assembly amended Section 1106 to permit restitution to government agencies and business entities; the expanded definition, however, does not apply retroactively to cases "that began before the effective date of the legislation." *Id.* at 586.

- 3 -

On October 2, 2023, the court denied the motion without prejudice.[3] Appellant filed a motion for reconsideration, which the court denied on October 27, 2023. In explaining its decision, the court recounted that it had terminated Appellant's supervision and that the "restitution was to be solely enforced as a civil judgment." Trial Ct. Op. at 2. As a result, the court concluded that it did "not have jurisdiction to modify restitution once all aspects of a sentence have been completed or vacated" and that it did "not exercise authority over civil judgments[.]" *Id.*

Additionally, construing the motion as a Post-Conviction Relief Act ("PCRA") petition, the court held that Appellant did not have standing to file a PCRA petition as she was no longer serving a sentence of imprisonment, probation, or parole. Trial Ct. Op. at 2 (citing 42 Pa.C.S. § 9543).

Appellant filed a timely notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.[4]

Appellant raises the following issues on appeal:

_____

[3] While the motion to modify restitution does not appear in the certified record or as a docket entry, the court held a hearing on the motion on October 2, 2023 and denied it the same day in an order entered on the docket. Moreover, Appellant included a copy of the motion in her supplemental reproduced record.

[4] In its Rule 1925(a) opinion, the court found that Appellant had paid $2,577.50 of the restitution and, thus, still owed $1,106.55 as of October 7, 2024. The court also indicated that it ordered a new payment plan for Appellant's restitution beginning in April 2024, despite Appellant's instant appeal to this Court. *Id.* at 1 n.1.

- 4 -

1. Did the Honorable Trial Court erroneously conclude that Appellant is ineligible for the requested relief because she is no longer serving a sentence, as required by the [PCRA]?

2. Did the Honorable Trial Court erroneously conclude that it lacked jurisdiction to modify illegal restitution because it is a criminal court, and a civil judgment had already been entered on the case?

3. Did the Honorable Trial Court erroneously fail to conclude that the restitution on Appellant's case is illegal?

Appellant's Br. at 4 (issues reordered and answers omitted).

Appellant first asserts that the trial court erred in treating and dismissing her motion as a PCRA Petition. Appellant's Br. at 24-28. We review the denial of a PCRA petition "to determine whether the record supports the PCRA court's findings and whether its order is free of legal error." ***Commonwealth v. Min***, 320 A.3d 727, 730 (Pa. Super. 2024).

We agree with Appellant that the court erred to the extent it treated her motion as an untimely PCRA petition. As this Court recently held, a challenge to the legality of a restitution order is "outside the ambit of the PCRA" and "not subject to its time constraints." ***Commonwealth v. Thomas***, 340 A.3d 1053, 1058 (filed June 30, 2025), *reargument denied* (Sept. 3, 2025). In ***Thomas***, we explained that "motions to modify restitution orders imposed pursuant to [Section] 1106 are not subject to typical post-sentence timeliness constraints" of the PCRA; rather, Section 1106 "permit[s] a defendant to seek a modification or amendment of the restitution order at any time directly from the trial court[,]" and "creates an independent cause of action." ***Id.*** (citation omitted).

We next consider Appellant's claim that the trial court erred in concluding that it did not have authority to address Appellant's motion for modification under Section 1106 due to the entry of the restitution as a "civil judgment."  Appellant's Br. at 15-24.

"In the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence." **Commonwealth v. Atanasio**, 997 A.2d 1181, 1182-83 (Pa. Super. 2010) (citation and internal quotation marks omitted). "[T]he determination as to whether the trial court imposed an illegal sentence is a question of law[.]" **Id.** at 1183 (citation omitted).  Additionally, Appellant's question requires our interpretation of Section 1106 and other statutory provisions addressing restitution. Accordingly, as statutory interpretation poses a pure question of law, "our standard of review is *de novo*[,] and our scope of review is plenary." **Commonwealth v. Hunt**, 220 A.3d 582, 585 (Pa. Super. 2019).

"The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.  Every statute shall be construed, if possible, to give effect to all its provisions."  1 Pa.C.S. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." **Id.** at 1921(b).  When statutory language is ambiguous, courts may ascertain the intention of the General Assembly by considering, *inter alia*, "[t]he occasion and necessity for the statute[,]" "[t]he object to be obtained[,]" and "[t]he consequences of a particular interpretation."  **Id.** at § 1921(c).

Moreover, while we "listen attentively to what a statute says[,][we] must also listen attentively to what it does not say." ***Commonwealth v. Wright***, 14 A.3d 798, 814 (Pa. 2011) (citation omitted).

The Supreme Court has held restitution provisions to be penal in nature. ***Commonwealth v. Hall***, 80 A.3d 1204, 1212 (Pa. 2013). Accordingly, we must construe restitution provisions strictly, interpreting any ambiguity "in favor of the defendant." ***Hunt***, 220 A.3d at 587 (citation omitted); ***see also*** 1 Pa.C.S. § 1928(b)(1). Additionally, when statutes or parts of statutes "relate to the same persons or things or to the same class of persons or things[,]" we must construe them "together, if possible, as one statute." 1 Pa.C.S. § 1932.

The General Assembly set forth detailed provisions related to restitution, including Section 1106 of the Crimes Code, governing restitution for injuries to person or property, and Sections 9728-9730.1 of the Sentencing Code, addressing the collection and payment of restitution, as well as court costs and fines. 18 Pa.C.S. § 1106, 42 Pa.C.S. §§ 9728, 9730, 9730.1.

Section 1106(a) provides that a court shall include restitution as part of the sentence for cases where "property has been stolen, converted or otherwise unlawfully obtained . . . as a direct result of the crime." 18 Pa.C.S. § 1106(a). Alternatively, the court may impose restitution as a condition of probation under the Sentencing Code. ***See Clark v. Peugh***, 257 A.3d 1260, 1268 (Pa. Super. 2021) (citing 42 Pa.C.S. § 9763(b)(10)). Moreover, as in the instant case, when a court orders restitution as part of the sentence, the

court may require compliance with the restitution as "a condition of such probation[.]" 18 Pa.C.S. § 1106(b).

As noted above, in Section 1106(c)(3), the General Assembly established "an independent cause of action for a defendant to seek a modification of an existing restitution order" from the trial court even after the expiration of the time for modifying or appealing the original sentence. ***Commonwealth v. Gentry***, 101 A.3d 813, 816 (Pa. Super. 2014). Specifically, Section 1106(c)(3) provides as follows:

> **The court may, at any time** . . . **alter or amend any order of restitution** . . ., provided, however, that the court states its reasons and conclusions as a matter of record for any change or amendment to any previous order.

18 Pa.C.S. § 1106(c)(3) (emphasis added).

As noted, the trial court in the instant case reasoned that the entry of restitution as a "civil judgment" resulted in the court no longer having jurisdiction to amend the restitution order. Trial Ct. Op. at 2. This conclusion implicates the General Assembly's detailed procedures for the payment and collection of restitution, including 42 Pa.C.S. § 9728, which provides for restitution to be treated as a "judgment."

Section 9728 first mandates that restitution shall be collected by the county probation department or other designated agent. ***Id.*** at § 9728(a)***.*** In so doing, the General Assembly clarified that restitution is a "part of a criminal action or proceeding and shall not be deemed [a] debt[.]" 42 Pa.C.S.

§ 9728(a)(1).[5]  After clarifying that restitution is part of criminal action, the next sentence instructs that a sentence of restitution "shall . . . be a **judgment** in favor of the probation department upon the person or the property of the person sentenced or subject to the order ."  *Id.* (emphasis added).  The statute additionally tasks the clerk of courts with "transmit[ting] to the prothonotary certified copies of all judgments for restitution . . . ," and imposes a duty on the prothonotary to docket the judgment for restitution and "index the same as judgments are indexed."  *Id.* at § 9728(b)(1).[6]  Notably, in providing that restitution shall be a judgment, the General Assembly did not revoke its prior express statement that restitution was part of a criminal

_____

[5] In full, Section 9728(a)(1) provides as follows:

> Except as provided in subsection (b)(5), all restitution, reparation, fees, costs, fines and penalties shall be collected by the county probation department or other agent designated by the county commissioners of the county with the approval of the president judge of the county for that purpose in any manner provided by law.  **However, such restitution, reparation, fees, costs, fines and penalties are part of a criminal action or proceeding and shall not be deemed debts.  A sentence,** pretrial disposition order or order entered under section 6352 (relating to disposition of delinquent child) **for restitution**, reparation, fees, costs, fines or penalties **shall, together with interest and any additional costs that may accrue, be a judgment** in favor of the probation department upon the person or the property of the person sentenced or subject to the order.

*Id.* (emphasis added).

[6] The statute clarifies that the entry of judgment may include "[t]he total amount for which the person is liable . . . regardless of whether the amount has been ordered to be paid in installments."  *Id.* at § 9728(b)(4).

action or state that the judgment undermined the sentencing court's continued jurisdiction over the restitution portion of the sentence.

Moreover, other aspects of the procedure for collection and payment of restitution indicate the continuing criminal nature of the proceedings, regardless of the entry of judgment. For example, Section 9730(b), addressing the payment of court costs, restitution, and fines, directs that when a defendant defaults on payment of these amounts, the "**issuing authority**, . . . may conduct a hearing to determine whether the defendant is financially able to pay" and to determine the appropriate next steps. *Id.* at § 9730(b)(1) (emphasis added).[7] Similarly, "a judge of the court of common pleas having **jurisdiction over the defendant**" has the authority to order private collection agencies to cease collection efforts. *Id.* at 9730.1(c)(3) (emphasis added). Moreover, the statutes task each county's probation department, rather than a civil entity, with tracking the restitution payments. *Id.* at § 9728(b.1).

Thus, while the statutes do not expressly address whether a criminal or civil court has jurisdiction over "a judgment" of restitution, we glean from the detailed statutory procedure that the General Assembly intended for the sentencing court to maintain jurisdiction over the restitution to perform the

_____

[7] Similarly, Section 1106(f) provides that where a defendant has failed to pay restitution, "the court shall order a hearing to determine if the offender is in contempt of court or has violated his probation or parole[,]" which are fully within the realm of criminal rather than civil proceedings. 18 Pa.C.S. § 1106(f).

statutorily mandated oversight of the collection process. Indeed, this court previously explained the benefit of providing the original sentencing court with modification authority as "a proceeding in the sentencing court allows the defendant to appear before the court that originally imposed the restitution and is familiar with the facts of the case and the relevant statutory framework." *Clark*, 257 A.3d at 1270.

Thus, we conclude that the trial court erred in finding that it did not have jurisdiction based upon the entry of a "civil" judgment of restitution. Moreover, we find that the court erred in holding that it lacked jurisdiction to modify restitution because "all aspects of a sentence ha[d] been completed or vacated." Trial Ct. Op. at 2. Rather, the court in 2008 included restitution as a direct part of the sentence, and there is no indication that this portion of the sentence has been completed or vacated. We observe that the subsequent violation of probation sentences merely included as a condition of the new probationary terms a requirement that Appellant make payments on the restitution. Thus, as the 2008 restitution order remains unsatisfied, the sentencing court, under the plain language of Section 1106(c)(3), retained the express authority to alter or amend the order of restitution "at any time."[8]

_____

[8] We emphasize that the General Assembly did not provide a separate timeframe in Section 1106 of the Crimes Code for the modification of a restitution order in cases where the restitution has been entered as a judgment pursuant to the Sentencing Code.

- 11 -

Accordingly, we vacate the order and remand for the trial court to address Appellant's motion to modify restitution.[9]

Order vacated.  Case remanded.  Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/3/2025

---

[9] We do not address Appellant's third question asserting that the court erred in not concluding that the restitution was illegal.  Rather, we remand for the court to address this issue.