J-A23030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JASON ALLEN CATALDO | : | |
| | : | |
| Appellant | : | No. 189 WDA 2025 |

Appeal from the Judgment of Sentence Entered January 31, 2025
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0000814-2019

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED:  March 19, 2026**

Jason Allen Cataldo appeals from the judgment of sentence following the revocation of his probation for technical violations.[1] Cataldo's counsel has filed an ***Anders***[2] brief and a petition to withdraw as counsel. Following this Court's recent decision in ***Commonwealth v. Seals***, ___ A.3d ___, 2026 PA Super 29, 2025 WL 4234323 (Pa.Super. filed Feb. 17, 2026) (*en banc*), and because Cataldo's sentence exceeded the 30-day maximum sentence authorized by 42 Pa.C.S.A. § 9771(c)(2)(ii) for a second technical violation,

---

[1] A "technical violation" is "[a] violation of the specific terms and conditions of a defendant's probation, other than by the commission of a new crime of which the defendant is convicted or found guilty by a judge or jury or to which the defendant pleads guilty or nolo contendere in a court of record." 42 Pa.C.S.A. § 9774.1(k).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

we deny counsel's petition, vacate Cataldo's judgment of sentence, and remand for resentencing.

In July 2019, Cataldo entered a guilty plea to criminal trespass.[3] He was ordered to be placed in the Erie County Treatment Court program for 10 years. Cataldo's probation was later revoked for failure to submit to a drug and alcohol screening, on February 10, 2021, and he was resentenced to 11½ to 23 months' incarceration followed by two years of probation.

On January 31, 2025, a second revocation of probation hearing was held. At the hearing, Cataldo admitted to several violations of his probation, including traveling outside of Erie County without his probation officer's permission, failing to complete drug and alcohol treatment, and failing to report to his probation officer. **See** N.T., 1/31/25, 7-9. The court found Cataldo in technical violation, revoked his probation, and resentenced him to 11½ to 23 months' incarceration followed by two years of probation. He was given a credit of 480 days for time served.

Cataldo filed a *pro se* notice of appeal, on February 11, 2025, but failed to state the date of the order being appealed. This Court issued a rule to show cause directing Cataldo, through his counsel, to clarify the order from which he was appealing. Cataldo replied that he was appealing from the judgment of sentence imposed on January 31, 2025. **See** Response to Order, filed 3/28/25, at ¶¶ 12, 13. Accordingly, the appeal is properly before us.

---

[3] 18 Pa.C.S.A. § 3503(a)(1)(ii).

Before we address Cataldo's claim, we must first determine whether counsel has satisfied the procedural requirements to withdraw from the representation when filing an *Anders* brief. *See Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported *Anders* brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw"). To withdraw pursuant to *Anders*, counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*). In the *Anders* brief, counsel seeking to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

If counsel meets all the above requirements, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal

- 3 -

is in fact wholly frivolous." *Id.* at 355 n.5 (quoting *Commonwealth v. McClendon*, 434 A.2d 1185, 1187 (Pa. 1981)).

Here, counsel has complied with the above technical requirements. In her *Anders* brief, counsel provided a summary of the procedural history and facts of the case with citations to the record. Further, counsel's brief includes one issue that could arguably support the appeal, and counsel's assessment of why that issue is frivolous, with citations to the record and relevant legal authority. In addition, counsel served Cataldo with a copy of the *Anders* brief and advised him of his right to proceed *pro se* or retain a private attorney to raise any additional points he deemed worthy of this Court's review. Petition to Withdraw, 6/16/25, at ¶ 5. Cataldo has not responded to counsel's petition to withdraw.[4] We now proceed "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5 (citation omitted).

Counsel's *Anders* brief raises a challenge to the discretionary aspects of the sentence and presents the following issue: "Whether the re-sentence of the trial court is manifestly excessive, unreasonable and inconsistent with the objectives of the Sentencing Guidelines?" *Anders* Br. at 5 (unpaginated).

---

[4] On July 14, 2025, Cataldo filed a *pro se* document styled as "APPLICATION FOR LEAVE TO APPEAL INTERLOCUTORY ORDER PURSUANT TO PA.R.A.P. 311 AND REQUEST FOR EMERGENCY RELIEF and "MOTION TO VACATE SENTENCE DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL, MISREPRESENTATION, AND VIOLATIONS OF DUE PROCESS." This document did not address the January 31, 2025 revocation order at issue in this appeal. This Court forwarded the document to Cataldo's counsel on July 15, 2025.

Counsel concluded in her brief that this claim was meritless because the court adequately considered the relevant sentencing factors under the Sentencing Code when it sentenced Cataldo for violating his probation. *Id.* at 13 (unpaginated).

However, following the filing of counsel's brief, this Court issued an *en banc* decision in ***Seals*** in which we held that "a claim that the trial court failed to adhere to [42 Pa.C.S.A. §] 9771(c) when resentencing a probationer to a period of total confinement implicates the legality of the sentence, not its discretionary aspects." ***Seals***, 2025 WL 4234323, at *11. Section 9771, entitled "Modification or revocation of order of probation," and discussed below, is applicable here. In accordance with ***Seals***, we find that Cataldo's sentencing claim implicates the legality of his sentence and is therefore unwaivable. We thus address the merits of the issue.

"[T]he determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary." ***Commonwealth v. Atanasio***, 997 A.2d 1181, 1183 (Pa.Super. 2010) (citation omitted).

In June 2024, substantial revisions to subsection (c) of section 9771 became effective. ***Seals***, 2025 WL 4234323, at *5. The revisions "substantially limited the court's resentencing authority under subsection (c)" and set forth a presumption against total confinement for technical violations of probation. *Id.* at *6. The amended statute provides, in relevant part:

**(c) Limitation on sentence of total confinement.--**There is a **presumption against total confinement for technical violations** of probation. The following shall apply:

(1) The court may impose a sentence of total confinement upon revocation only if:

\*\*\*

(iii) the court finds by a preponderance of the evidence that the defendant committed a technical violation and any of the following apply:

\*\*\*

(E) The defendant absconded and cannot be safely diverted from total confinement through less restrictive means.

(F) The technical violation involved an intentional and unexcused failure to adhere to recommended programming or conditions on three or more separate occasions and the defendant cannot be safely diverted from total confinement through less restrictive means. For purposes of this clause, multiple technical violations stemming from the same episode of events shall not constitute separate technical violations.

(2) If a court imposes a sentence of total confinement following a revocation, the basis of which is for one or more technical violations under paragraph (1)(ii) or (iii), the court shall consider the employment status of the defendant. The defendant **shall** be sentenced as follows:

(i) For a first technical violation, a maximum period of 14 days.

(ii) **For a second technical violation, a maximum period of 30 days.**

(iii) For a third or subsequent technical violation, the court may impose any sentencing alternatives available at the time of initial sentencing.

42 Pa.C.S.A. § 9771(c) (emphasis added).

The revisions to subsection (c) thus "prohibit[] the court from imposing a sentence of total confinement for a technical violation of probation, subject to delineated exceptions, and imposes specific, relatively short maximum sentences for a period of confinement imposed for a first or second technical violation." **Seals**, 2025 WL 4234323, at *7.

Here, the court revoked Cataldo's probation for technical violations on February 10, 2021 and January 31, 2025. Because Cataldo had two technical violations, section 9771(c)(2)(ii) mandated a sentence of a maximum period of 30 days of total confinement. Cataldo's sentence of 11½ to 23 months of total confinement is greater than the maximum authorized sentence for a second technical probation violation. The court thus exceeded the statutory authority to impose a sentence in excess of 30 days for a second technical violation, and Cataldo's sentence is illegal. **Seals**, 2025 WL 4234323, at *19.

We acknowledge that when an **Anders** brief has been filed and we disagree with counsel that an appeal is frivolous, we would ordinarily remand for counsel to file an advocate's brief. **See Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). However, where, as here, the issue implicates the legality of the sentence, we may raise the issue *sua sponte* and correct the illegality. **See, e.g.**, **Commonwealth v. Wolfe**, 140 A.3d 651, 654 (Pa. 2016); **Commonwealth v. Hankerson**, 118 A.3d 415, 421 n.2, 422 (Pa.Super. 2015). Accordingly, we vacate Cataldo's judgment of sentence and remand for resentencing consistent with section 9771(c)(2).

Judgment of sentence vacated. Case remanded with instructions. Counsel's petition to withdraw denied. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  3/19/2026